Mary Ann PARKER, Appellant

v.

Sheryl King WALTON, Appellee.

No. 14–06–00095–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 28, 2007.

Suzanne Dubose, Houston, TX, for appellants.

Robert Scott Williams, Ronnie Walton, Houston, TX, for appellees.

Panel consists of Justices YATES, EDELMAN, and SEYMORE.

## OPINION

LESLIE B. YATES, Justice.

In five issues, appellant Mary Ann Parker challenges the trial court's order imposing sanctions against her for recording a lis pendens on property awarded to appellee Sheryl King Walton in a divorce proceeding. We reverse the trial court's sanctions order and render judgment that Walton take nothing.

**1.** Although Parker maintains that Walton joined her in the divorce proceeding, we cannot verify the accuracy of this assertion because the record fails to contain the pleadings filed in the proceeding. However, because Walton does not challenge this factual assertion, we will accept it as true. *See* TEX.R.APP. P. 38.1(f); *Choice v. Gibbs*, 222 S.W.3d 832,

## I. Factual and Procedural Background

On July 1, 2003, Walton filed for divorce from her husband, Ronnie Joe Walton ("Ronnie Joe"). Ronnie Joe's mother, Mary Ann Parker, was subsequently joined in the divorce proceeding to litigate claims by Walton regarding two properties at issue in the divorce, including property in Walton's name located at 84 Harbor Lane in Kemah, Texas.[1] Parker counterclaimed based upon her alleged ownership interest in the Harbor Lane property and attempted to impose a constructive trust. During the course of the litigation, Walton sought to refinance the mortgage on the Harbor Lane property to obtain a lower interest rate. Walton sought authorization from the trial court to refinance the property, and, at a hearing on July 27, 2005, the court orally granted her such authorization. The following week, on August 3, Parker's attorneys recorded a lis pendens on the Harbor Lane property, which Walton claims precluded her from refinancing. At the ensuing divorce trial on December 6–9, the trial court awarded Walton the Harbor Lane property as her separate property. The court did not submit Parker's constructive trust claim to the jury.

Thereafter, on December 15, Walton filed a motion for sanctions against Parker, Parker's attorneys, Ronnie Joe, and Ronnie Joe's attorneys under Texas Rule of Civil Procedure 13, generally alleging that they filed groundless claims in bad faith and/or to harass her.[2] On December 19,

836 n. 6 (Tex.App.-Houston [14th Dist.] 2007, no pet.).

**2.** Parker contends that Walton did not in fact file a new motion for sanctions after trial on December 15 but simply set a hearing on a motion for sanctions Walton previously filed on December 5 that the trial court struck as

Parker responded, contending that Walton failed to meet her burden to show Parker's claims were groundless or brought in bad faith or for the purpose of harassment and complaining that the motion was too vague to provide proper notice. At the hearing on December 21, Walton, through her testimony and her attorney's arguments, principally alleged that Parker recorded the lis pendens to prevent her from refinancing the property and to undermine the court's order authorizing refinancing. Walton testified that her inability to refinance and obtain a lower interest rate caused her to incur significant costs in additional interest and other charges. Parker's attorney, Toni Sharretts, responded that, although she was aware Walton might attempt to refinance the property, she recorded the lis pendens only to protect her client's interests and not to prevent Walton from refinancing. She explained that she was unaware of the hearing or the court's order when she recorded the lis pendens, as she never received a copy of the motion or other notice, and thus she could not have recorded the lis pendens to undermine the court's order. According to Sharretts, she first learned of the court's order when Walton's attorney contacted her demanding a release of the lis pendens. Incredulous that the hearing took place or that the court gave such an order, Sharretts requested a copy of documentation reflecting the court's order, which Walton failed to provide. Walton's attorney, on the other hand, informed the trial court he properly served all parties in the case with the motion and noted that Ronnie Joe appeared at the motion hearing to contest

the refinancing. Walton's attorney maintained, and Sharretts admitted, that he told her the lis pendens precluded refinancing when he requested that she release it, but she still refused. Although our record does not contain any written documentation of the court's order, the trial judge stated that he "remember[ed] the motion" and "recall[ed] permitting [Walton] to refinance."

At the close of the hearing, the trial court stated, "All right. I'm going to grant your motion, and I'm going to award the sanctions at ... $3,500 in the attorney's fees, and I'm going to award 6,750 in the difference in the interest rates...." After the court's pronouncement, Walton's attorney stated that he would prepare a "separate order on that and submit it to opposing counsel."[3] The docket sheet entry from the day of the hearing accordingly reads, "Mot for sanctions granted per order to be filed by Petitioner on or before 1/6/06." However, Walton's attorney did not file, and the court did not sign and enter, a written judgment signifying the sanctions order on or before January 6, 2006. According to Walton, this was an "inadvertent mistake," and, on June 22, 2006, Walton's attorney filed a motion to enter judgment nunc pro tunc on the sanctions order. Parker opposed the motion, arguing that a judgment nunc pro tunc operates only to correct a clerical error in a written judgment, and, because no written order existed, a judgment nunc pro tunc was improper. The trial court granted Walton's motion and entered the judgment nunc pro tunc on the sanctions order on July 13, 2006, awarding sanctions

untimely on December 6. Thus, Parker concludes there was no live motion for sanctions pending before the court on which it could have rendered judgment. The record contains conflicting documentation to this end; however, because it will not affect the out-

come of our decision, we need not address this issue.

3. The trial court also granted Walton's requests to enter the final judgment and decree of divorce and to release the lis pendens.

against "Mary Ann Parker" for "sanctionable conduct."[4]

Parker now appeals, claiming the trial court abused its discretion in imposing sanctions against her for recording the lis pendens against the Harbor Lane property.

## II. Standard of Review

 We review the trial court's imposition of Rule 13 sanctions for an abuse of discretion. *See Low v. Henry,* 221 S.W.3d 609, 614 (Tex.2007). We may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.* To determine if the sanctions were appropriate or just, the appellate court must ensure there is a direct nexus between the improper conduct and the sanction imposed. *Id.*

## III. Analysis

 We first address the second sub-point under Parker's fifth issue, in which she contends that Walton failed to overcome the presumption that Parker recorded the lis pendens on the Harbor Lane property in good faith to put third parties on notice of the pending litigation concerning the property. Walton counters that the trial court sanctioned Parker not only for recording a lis pendens but also for filing the groundless constructive trust claim against the property—which Walton characterizes as her "homestead"—that formed the basis of the lis pendens. Texas Rule of Civil Procedure 13 authorizes imposition of sanctions against an attorney, a represented party, or both, who file pleadings that are (1) groundless and brought in bad faith or (2) groundless and brought to harass. *See* Tex.R. Civ. P. 13; *City of Houston v. Chambers,* 899 S.W.2d 306, 309 (Tex.App.-Houston [14th Dist.] 1995, no writ). When determining whether Rule 13 sanctions are proper, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *See State v. PR Invs. & Specialty Retailers, Inc.,* 180 S.W.3d 654, 670 (Tex.App.-Houston [14th Dist.] 2005, pet. granted); *Neely v. Comm'n for Lawyer Discipline,* 976 S.W.2d 824, 828 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Rule 13 requires sanctions based on the acts or omissions of the represented party or counsel and not merely on the legal merit of the pleading. *See PR Invs.,* 180 S.W.3d at 670; *Neely,* 976 S.W.2d at 828. The trial court must provide notice and hold an evidentiary hearing "to make the necessary factual determinations about the motives and

---

4. In issue one, Parker claims the trial court's July 13 order of sanctions was void and requests us to reverse and render a judgment denying Walton sanctions on this ground. Specifically, Parker claims the trial court's oral pronouncement at the hearing was insufficient to render an order granting sanctions because it contemplated a future reduction of the order to writing by January 6, which did not occur. Thus, Parker concludes, the trial court's entry of the July 13 written order after the court's plenary power had expired was void. Upon our review of the trial court's oral pronouncement and the surrounding context, we conclude the court in fact orally rendered an order granting Walton's prejudgment motion for sanctions, and, thus, the trial court properly entered such order subsequently via nunc pro tunc. *See generally Hannon v. Henson,* 15 S.W.2d 579, 583 (Tex. Comm'n App.1929) (holding that where evidence shows judgment has been actually rendered but not properly entered on record, trial court has power to order entry of such judgment nunc pro tunc); *Ex parte Cole,* 778 S.W.2d 599, 600 (Tex.App.-Houston [14th Dist.] 1989, no writ) (noting that order is valid when orally pronounced in open court and that formal entry of orally rendered order constitutes only ministerial act). We overrule issue one.

credibility of the person signing the groundless petition." *Aldine Indep. Sch. Dist. v. Baty,* 946 S.W.2d 851, 852 (Tex. App.-Houston [14th Dist.] 1997, no writ). "Groundless" means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. TEX.R. CIV. P. 13. Bad faith is not simply bad judgment or negligence; rather, it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes. *See PR Invs.,* 180 S.W.3d at 670. Improper motive is an essential element of bad faith. *Elkins v. Stotts–Brown,* 103 S.W.3d 664, 669 (Tex. App.-Dallas 2003, no pet.). Harassment means that the pleading was intended to annoy, alarm, and abuse another person. *See PR Invs.,* 180 S.W.3d at 670. Courts must presume that papers are filed in good faith, and the party moving for sanctions bears the burden of overcoming this presumption. *Id.*

Walton maintains that Parker's constructive trust claim was groundless and brought in bad faith and to harass because the trial court refused submission of this claim to the jury at trial, which signaled that the court found no evidence to support it. She further asserts that Parker recorded the lis pendens in bad faith and to harass because she did so only a few days after the court authorized refinancing of the property over Ronnie Joe's objection, and the lis pendens effectively prevented her from refinancing. Walton notes that, on the day of the sanctions hearing, the trial court "had the entire record of the case before [it]," which shows that both the constructive trust claim and lis pendens were "clearly malicious." Walton adds that Parker's failure to request findings of fact and conclusions of law constitutes an additional basis for affirming the court's sanctions order.

■■■■ We agree with Parker that Walton failed to overcome the presumption that Parker filed her constructive trust claim regarding the Harbor Lane property—and, by extension, the lis pendens—in good faith.[5] At the sanctions hearing, Walton focused exclusively on Parker's recording of the lis pendens and failed to adduce any evidence showing Parker's claim, on which the lis pendens was based, was groundless and brought in bad faith or to harass. As to groundlessness, the only statement from the hearing that we construe as relevant to this issue is Walton's attorney's statement to the trial court, "It's difficult for me to understand why they took an interest in [the Harbor Lane property because it] is owned by my clients." The record is otherwise devoid of evidence showing that Parker's underlying claim lacked a basis in law or fact and was not warranted by a good faith argument for the extension, modification, or reversal of existing law. The record does not contain the pleadings filed in the divorce proceeding or a transcript of the trial record. Further, although the final divorce decree indicates the Harbor Lane property was in Walton's name and that the constructive trust claim was not in fact submitted to the jury, the decree does not specify that Parker's claim was groundless. Nor did the court or the parties so specify during the

---

5. Because we find that Walton failed to meet her burden to justify sanctions with respect to the constructive trust claim that gave rise to the lis pendens, we need not determine whether the lis pendens was by itself sanctionable under Rule 13 or otherwise. *See generally Sharif—Munir—Davidson Dev. Corp. v. Bell,* 788 S.W.2d 427, 428–29 (Tex.App.-Dallas 1990, writ denied) (noting that party had "statutory right to advise one and all by lis pendens of the lawsuit he filed" with respect to real estate in dispute and declining to allow imposition of sanctions against party "for exercising his right to file suit and notice of lis pendens").

charge conference[6] or in the judgment nunc pro tunc imposing the sanctions, which does not set forth with particularity the acts or omissions on which the sanctions are based.[7] Moreover, we reject Walton's summary conclusion that Parker's claim was groundless simply because the trial court refused to submit it to the jury. Walton does not cite, and we do not find, any authority holding that the court's refusal to submit a claim to the jury in itself establishes that the claim was groundless. *See generally GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex.1993) (noting that Rule 13 does not permit sanctions for every pleading or motion requesting relief that is denied).

 Similarly, Walton failed to adduce any evidence at the hearing indicating Parker filed the constructive trust claim in bad faith or to harass. The testimony at the hearing focused largely on Parker's attorneys' purpose for recording the lis pendens and whether they had notice of the trial court's order authorizing financing. Such evidence does not adequately explain the facts and circumstances existing at the time Parker filed the constructive trust or the motives, intent, and credibility of Parker or her attorneys in so filing. *See Karlock v. Schattman*, 894 S.W.2d 517, 523 (Tex.App.-Fort Worth 1995, no writ) (noting that without hearing evidence on circumstances surrounding filing of pleading signer's credibility and motives, trial court has no evidence to deter-

mine that pleading was filed in bad faith or to harass). Again, Walton simply points to the timing of the lis pendens as directly subsequent to the trial court's order authorizing refinancing and the court's refusal to submit the constructive trust claim to the jury as conclusive evidence that Parker filed the claim in bad faith and to harass. Therefore, even absent findings of fact and conclusions of law, we conclude Walton failed to overcome the presumption that Parker's constructive trust claim on the Harbor Lane property was filed in good faith by failing to present any evidence that the claim was groundless and filed in bad faith or to harass. *See, e.g., PR Invs.*, 180 S.W.3d at 671–72 (holding trial court erred in imposing sanctions under Rule 13 where there was no evidence at hearing that petitions were groundless and brought in bad faith or for purpose of harassment); *Elkins*, 103 S.W.3d at 668–69 (holding trial court abused its discretion in imposing sanctions against attorney for filing motion for sanctions because no evidence of attorney's motive in filing motion was presented at hearing and thus there was no evidence of bad faith or harassment); *see also $19,070.00 v. State*, 869 S.W.2d 608, 611–12 (Tex.App.-Houston [14th Dist.] 1994, no writ) ("When there are no findings of fact in an appeal from a trial to the court, the reviewing court must affirm the judgment if it can be upheld on any legal theory *that finds support in the evidence*." (emphasis added)). We accord-

---

6. We note that our record contains only an excerpt of the transcript from the charge conference.

7. Parker also complains that the judgment nunc pro tunc imposing sanctions fails to comply with Rule 13. *See* Tex.R. Civ. P. 13 ("No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order."); *PR Invs.*, 180 S.W.3d at 672 (noting that trial court has duty to set forth expressly

and with particularity acts or omissions on which it based Rule 13 sanctions). However, because Parker failed to raise this objection to the trial court, she waived this complaint. *See Appleton v. Appleton*, 76 S.W.3d 78, 87 (Tex. App.-Houston [14th Dist.] 2002, no pet.) (holding that party waived complaint that sanctions order lacked particularized findings of good cause because party failed to object on this ground in trial court).

ingly hold that the trial court abused its discretion in imposing sanctions on Parker.

We sustain issue five, and, because we find this issue dispositive, we need not address Parker's additional issues. We thus reverse the trial court's award of sanctions and render judgment that Walton take nothing.