Affirmed in Part and Dismissed in Part, and Majority and Concurring and
Dissenting Opinions filed April 17, 2008








Affirmed in Part and Dismissed in Part, and Majority and Concurring and Dissenting Opinions
filed April 17, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01090-CV

_______________

 

ENVIRONMENTAL PROCEDURES, INC. and ADVANCED WIRECLOTH,
INC., Appellants

 

V.

 

GEORGE E. GUIDRY, DWIGHT W. ANDRUS, III, DWIGHT W.
ANDRUS INSURANCE, INC., and LEXINGTON INSURANCE CO., Appellees

                                                                                                                                             
  

On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 03-49520

                                                                                                                                               


 

C O N C U R R I N G    AND    D I S S
E N T I N G    O P I N I O N

With the exception of the affirmance
of the Brokers= motion for partial summary judgment, I concur in the majority=s disposition of the issues presented
on appeal.  Because I would reverse the partial summary judgment, I
respectfully dissent  to that portion of the majority opinion.








Like the majority, I would not
consider the arguments presented in the Brokers= reply.  In addition, however, I also
would not consider the evidence attached to that reply.  Regardless of whether
the Brokers= motion for summary judgment is properly considered to have been
submitted on February 7 or March 18, 2005Ca point on which the record is
unclearCthe Brokers affirmatively state in
their appellate brief that the trial court did not consider the evidence
attached to their reply.  Thus, I would not consider that material on appeal.[1] 
The remaining summary judgment arguments and evidence do not conclusively
establish the Brokers= right to judgment as a matter of law.

The Brokers assert that any error in
the summary judgment was harmless because evidence offered at trial proved that
the Insureds= claims were time-barred.[2]  But here,
neither the trial court nor the jury made findings of fact from which the date
of claim accrual can be determined.[3]  The Brokers
also argue that contribution by the BAIG insurers to the settlement of the
underlying claims establishes, as a matter of law, that the BAIG insurers did
not fail to pay a covered claim.  Again, this was not a ground on which the
Brokers moved for summary judgment, and contrary to the Brokers= implication, the record does not
establish that all of the BAIG insurers contributed to the settlement, or that
the Insureds settled their claims against all of the BAIG insurers.  








In a related argument, the Brokers
contend that the Insureds= claims against them are barred by the Aone satisfaction rule.@[4]  The Brokers assert that the
Insureds= settlements with some of the
insurers effectively relieved the Brokers of liability, if any, arising from
the Brokers= sale of insurance to the Insureds.  But the Brokers did not rely on the Aone satisfaction rule@ in their motion for partial summary
judgment, and have not established its applicability as a matter of law.[5] 
The Brokers also allege that the Insureds= claims accrued at the time the
policies were purchased, because the Insureds could have determined the
conditions of coverage by reading the policies.[6] 
But the contents of the policies would not disclose the facts the Insureds
alleged in their live pleading in support of their tort and statutory claims.[7] 
For example, the policies would not reveal that Guidry was not licensed to sell
surplus lines policies in Texas, or that better insurance was available. 








            In sum, I would hold that
the Brokers failed to meet their summary-judgment burden to conclusively
establish that the Insureds= negligence and article 21.21 claims are time-barred, and
that the error in granting the motion was harmful.[8]  
Accordingly, I would sustain the Insureds= first issue and reverse the trial
court=s partial summary judgment.  In all
other respects, however, I concur in the majority=s judgment.

 

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment
rendered and Majority and Concurring and Dissenting Opinions filed April 17,
2008.

 

Panel
consists of Justices Frost, Seymore, and Guzman.  (Frost, J., majority).

 

 

 









[1]  See Parker v. Walton, 233 S.W.3d 535, 537 n.1
(Tex. App.CHouston [14th Dist.] 2007, no pet.) (accepting
unchallenged factual assertion as true despite inability to verify the accuracy
of the statement).





[2]  See Progressive County Mut. Ins. Co. v. Boyd,
177 S.W.3d 919, 921 (Tex. 2005) (per curiam) (noting that Aa trial court=s
erroneous decision to grant summary judgment can be rendered harmless by
subsequent events in the trial court@)
(citing Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d 357,
359 (Tex. 1998) (per curiam)).  In Boyd, a jury found that the insured
lacked coverage for the asserted claim; thus, the insurer had no liability on
the insured=s extracontractual claims as a matter of law. 
Consequently, the Boyd court held that any error in granting the summary
judgment was harmless.  





[3]  A defendant moving for summary judgment on
limitations grounds has the burden to prove the date on which the cause of
action accrued.  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999).  Although the determination of this date is
generally a question of law, the accrual date of a cause of action concerning
insurance coverage may present questions of fact.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 221B22 (Tex. 2003).





[4]  Under this rule, nonsettling defendants may claim a
credit based on the damages for which all tortfeasors are jointly liable, and
for which the plaintiffs have already received payment.  See Crown Life Ins.
Co. v. Casteel, 22 S.W.3d 378, 391B92
(Tex. 2000). 





[5]  See Stiles v. Resolution Trust Corp., 867
S.W.2d 24, 26 (Tex. 1993) (stating the general rule that a reviewing court
cannot affirm summary judgment on grounds not presented in the motion); see
also Lee R. Russ & Thomas F.
Segalla, 15 Couch on Insurance 3d ' 216.34
(2007) (indicating that settlement with an insurer does not release claims
against the insurance agency or agent if claims against them are specifically
reserved or if the agency or where claim against insurer, which sounds in
contract, is separate from claim against agency).





[6]  See Mauskar v. Hardgrove.  No.
14-02-00756-CV, 2003 WL 21403464 (Tex. App.CHouston
[14th Dist.] June 19, 2003, no pet.) (mem. op.) (holding that limitations on the
insured=s claims of negligent procurement, negligent
misrepresentation, and violations of the Insurance Code and Deceptive Trade
Practices Act began to run when insured purchased life insurance coverage, and
discovery rule did not apply because the nature of the injury was not
inherently undiscoverable).





[7]  See All-Tex Roofing, Inc. v. Greenwood Ins.
Group, Inc., 73 S.W.3d 412, 415B16
(Tex. App.CHouston [1st Dist.] 2002, pet. denied) (holding that
insured=s causes of action for negligence and DTPA violations
against a broker for placing insurance with insolvent insurer did not accrue
until the insurer should have paid a claim but failed to do so).





[8]  See Tex.
R. App. P. 44.1(a).