Affirmed and Memorandum Opinion filed August 25, 2009








Affirmed and Memorandum Opinion filed August 25, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00584-CV

_______________

 

TONY CANTU, Appellant

 

V.

 

JOHN E. MAHER, THOMAS TOLLETT, AND TOMMY=S SEAFOOD STEAKHOUSE, Appellees

                                                                                                                                               


On Appeal from the County Civil Court
at Law No. 1

Harris County, Texas

Trial Court Cause No. 887156

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

In two
issues, appellant, Tony Cantu, seeks reversal of an order dismissing his suit
against appellees, John Maher, Thomas Tollette, and Tommy=s Seafood Steakhouse, following the
trial court=s finding of discovery abuse, and further finding that this case is
groundless and brought in bad faith and for the purpose of harassment. Because
all dispositive issues of law are settled, we issue this memorandum opinion and
affirm the trial court=s order of dismissal.  See Tex. R. App. P. 47.4. 








                                                   I.  Background          

Cantu
and Maher are neighbors with a history of conflict arising out of participation
in a homeowner=s association. Apparently, disputes between Cantu and several other
members of the homeowner=s association precipitated several lawsuits in Harris
County.  Cantu, pro se, initiated the instant suit against Maher,
Tollette, and Tommy=s Seafood Steakhouse.   During all times material, Maher was
an attorney licensed to practice law in Texas.  

The
chronology of events essential to disposition of this appeal began before The
Honorable Grant Dorfman in the 129th District Court of Harris County.  Cantu
sued his homeowner=s association claiming breach of contract to repair, and
alleging that the other named defendants committed various acts constituting
vandalism, libel, slander, threats of bodily injury, and intentional infliction
of emotional distress.  Maher and Tollette were not named defendants in that
case.  However, subsequent to an encounter between Cantu, Maher,  and Tollette
at Tommy=s Seafood Steakhouse, Cantu filed
this lawsuit. Cantu contends Maher has engaged in the following conduct: Athreat, harassment, slander and libel
and a conspiracy of disseminating libelous accounts about Plaintiff to hurt his
character and reputation and interfere with the due course in a civil lawsuit.@ Cantu alleges Tollette engaged in
slander and libel by averments in an affidavit that Cantu Athreatened his business.@ 








On
February 28, 2007, Judge Dorfman signed an agreed order granting a temporary
injunction.  Maher and Tommy=s Seafood Steakhouse Restaurant were included in the order as
non-parties.  First, Cantu was enjoined from Adirectly or indirectly, having any
contact or communication with Tommy=s Seafood Steakhouse Restaurant, its
owners, employees, and vendors, by personal means, electronically,
telephonically, or by other means.@  Second, Cantu was enjoined from Adirectly or indirectly, having any
contact or communication with Mr. John Maher, his family, personal property or
real property, by personal means, electronically, telephonically, or be any
other means, and from stalking or following John Maher or his family members
and from stopping, slowing down, and/or making gestures or comments to or
toward John Maher or his family while passing John Maher=s home.@ Third, Maher was similarly enjoined
from Astopping, slowing down, and/or making
gestures or comments to or toward Tony Cantu or his family while passing Tony
Cantu=s home.@

On March
4, 2007,  Cantu filed the instant suit against Maher, Tollett, and Tommy=s Seafood Steakhouse in Harris County
Court at Law No. 1.  On March 9, 2007, Cantu filed an ex-parte Application for
Temporary Restraining Order against Maher and  Tollette.   That same day, the
Honorable Ed Landry, visiting judge in the Harris County Court at Law No. 1,
signed a Temporary Restraining Order which provide in part: 

Defendants, John E. Maher and Thomas Tollett are
hereby restrained from the following:

a.         Making direct or indirect harassing or vulgar comments,
statements threats, or gestures to [Cantu] or any member of [Cantu=s] family;

b.         Making physical contact or causing any physical damage to
[Cantu=s]  property;

c.         Entering onto [Cantu=s]
property;

d.         Parking vehicles in such a manner that blocks or impedes
[Cantu=s] driveway or otherwise impairing [Cantu=s] use and enjoyment of their Driveway;

e.         Making any libelous or slanderous statements against each
other or each Other=s family members, invitees or guests, verbally or in
writing

f.          Communication for legal matters Shall be in a professional
manner without foul language.

 

The order was set to
expire on March 23, 2007; however, the trial court=s docket indicates that on March 12,
2007, Judge Landry signed an order rendering it void.  Apparently, this action
occurred without benefit of notice to all parties or a hearing.  








On March
22, 2007, Maher filed his Plea to the Jurisdiction, Motion to Dismiss, and
Motion for Sanctions.  On March 23, 2007, Cantu filed his answer, Motion for
Temporary Injunction, and Motion for Sanctions.  On March 30, 2007,  Maher
filed a Supplement To Plea To The Jurisdiction, Motion To Dismiss, and Motion
For Sanctions in County Court at Law No. 1. On April 3, 2007, Judge Cagle
signed an order of dismissal; however, Cantu=s Motion to Reinstate was granted
approximately one week later.  In his motion to reinstate Cantu asserted that
the Alawsuit in this court is about preventing
Defendants from slandering Plaintiff, making threats of bodily injury against
Plaintiff, and intentionally inflicting emotional distress to Plaintiff, and seeking
damages for such slanderous remarks and threats made before and after this case
was dismissed, which brings rise to another lawsuit.@  Judge Cagle explained that he was reinstating Cantu=s case because of confusion and
misinformation relative to scheduling. Apparently, when Cantu first appeared in
Harris County Court at Law No. 1, seeking an ex-parte Temporary Restraining
Order, he did not inform visiting Judge Ed Landry regarding proceedings in the
129th District Court. 








In
response to the ex-parte proceedings in County Court at Law No. 1, Maher filed
a Motion For Contempt, Application for Permanent Injunction, and Request for
Sanctions in the 129th District Court.  Judge Dorfman scheduled hearings, and
the parties presented evidence and argument on two different occasions.  On
April 13, 2007, Judge Dorfman found Cantu in contempt of court for failing to
inform Judge Landry, in County Civil Court at Law No. 1, regarding proceedings
in the 129th District Court.  Judge Dorfman found no credible evidence or
satisfactory explanation for Cantu=s decision to file another suit
pertaining to the events and circumstances which were the subject of his
February 28, 2007 order.  Judge Dorfman concluded that Cantu intentionally
engaged in precisely the conduct proscribed in his February 28, 2007 order and
injunction.  He assessed a $3000 sanction against Cantu, and ordered Cantu to
provide the 129th District Court with courtesy copies of any pleadings seeking
injunctive relief in any Harris County Civil Court.  Cantu was further enjoined
from Averbal or written contact, direct or
indirect, with any person listed as a potential witness or person with relevant
knowledge in this case B except through his attorney Mr. Ben Dominguez.@ 

After
this suit was filed, Maher attempted to schedule Cantu=s deposition on one or more
occasions.  Apparently, Cantu resisted Maher=s attempts to designate the time and
location.  Judge Cagle denied Maher=s initial requests for discovery
sanctions in connection with the effort to schedule Cantu=s deposition, but gave Cantu explicit
instructions to attend and cooperate in the taking of his deposition as
scheduled.  Cantu=s deposition was taken on March 23, 2007.  Maher contends
appellant=s answers were evasive and non-responsive in violation of Judge Cagle=s earlier order.  








On April
19, 2007, The Honorable Jack Cagle heard evidence and argument in support of
Maher=s Plea to the Jurisdiction, Motion to
Dismiss and Motion For Sanctions.  Judge Cagle noted that all parties appeared
and no party objected to the notice, format, or time allocation of the
proceeding.  According to recitations in his order of dismissal, Judge Cagle
considered the following: (1) the Court=s file; (2) pending motions; (3)
responses and replies to pending motions; (4) April 13, 2007 order of the 129th
District Court; (5) appellant=s deposition  testimony and other evidence admitted; ( 6 )
argument.   Judge Cagle found as follows: (1) Cantu engaged in discovery abuse,
and upon notice and after instruction, continued abusive discovery practices by
giving evasive and incomplete answers in his deposition; (2) Cantu=s conduct in the discovery process
constitutes contempt of court and the judicial process; (3) such conduct should
result in sanctions pursuant to Rule 215; and  (4) Cantu=s pleadings be stricken and the cause
dismissed with prejudice. Judge Cagle accepted as res judicata the findings of
the 129th District Court in the order signed by Judge Dorfman on April 13,
2007.  Judge Cagle further found as follows: (1) Cantu brought this cause in
bad faith and for the purpose of harassment; (2) Cantu=s filings and prosecution of this
suit should be sanctioned pursuant to Texas Rule of Civil Procedure 13 and the
inherent powers of this Court; (3) Cantu=s pleadings be stricken, and the
cause be dismissed with prejudice; and (4) judgment was rendered in favor of
Maher in the amount of $5000 for reasonable and necessary attorney=s fees incurred as a consequence of
the Rule 13 violation.

                  II.  Waiver









The
trial court=s dismissal order was based on Rules 13[1]
and 215[2] of the Texas
Rules of Civil Procedure.  However, in Cantu=s two issues, he contends (1) Athe evidence does not support
dismissal for >Res Judicata= or any other reason,@ and (2) he should Anot be sanctioned by TRCP 215, since
he did not engage in discovery abuse.@  Cantu fails to acknowledge or base
his argument on the correct standard of review.[3] 
Cantu=s multiple pro se briefs
contain his description of events precipitating this suit, assertions that he
complied with discovery rules, and argument relative to alleged tortuous
conduct of Maher and Tollette. His citations to authority pertain solely to
disqualification of counsel.  An appellant=s brief must contain a clear and
concise argument with appropriate citations to authority.   Tex. R. App. P. 38.1(i).  Although we must interpret
this requirement liberally, an issue not supported by authority is waived.  Republic
Underwriters Ins. Co. v. Mex-Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004); Nguyen
v. Kosnoski, 93 S.W.3d 186, 188 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 
Further, it is well established that pro se litigants are held to the
same standards as licensed attorneys and must comply with all applicable rules
of procedure.  Valdez v. Avitia, 238 S.W.3d 843, 845 (Tex. App.CEl Paso 2007, no pet.).  Accordingly,
we hold Cantu waived his issues on appeal by failing to supply this court with
a clear and concise argument and citations to authority.  

The
judgment of the trial court is affirmed. 

III.  Motions On Appeal

The
following motions were taken with the case: (1)  Appellees= Motion for Frivolous and Groundless
Appeal; (2) Appellant=s Motion to Expedite Mandate; and  (3) Appellees= Motion To Dismiss and Motion for
Sanctions.  Appellant=s Motion to Expedite Mandate is denied as moot.  For reasons
outlined below, we overrule Appellees= Motion for Frivolous and Groundless
Appeal and Motion To Dismiss,  Motion for Sanctions and Repeated Notice.

If we
determine that an appeal is frivolous, we may award damages to the prevailing
party. See Tex. R. App. P. 45.   Although imposition of sanctions is
within our discretion, we may do so only in circumstances that are truly
egregious.  Angelou v. African Overseas Union, 33 S.W.3d 269, 282
(Tex. App.CHouston [14th Dist.] 2000, no pet.).  The objective factors to be weighed
include the following: (1) failure to present a complete record; (2) raising
issues for the first time on appeal, even though preservation of error was
required in the trial court; (3) failure to file a response to a request for
appellate sanctions; and (4) filing an inadequate brief.  Tate v. E.I.
Dupont de Nemours & Co., 954 S.W.2d 872, 875 (Tex. App.CHouston [14th Dist.] 1997, no pet.). 
There is a split of authority within the appellate courts regarding factors to
be considered in determining the merits of a motion under Rule 45.  Currently,
this court requires the appeal to be both objectively frivolous and
subjectively brought in bad faith or for the purpose of delay.  See Azubuike
v. Fiesta Mart, Inc., 970 S.W. 2d 60, 66 (Tex. App.CHouston [14th Dist.] 1998, no pet.). 
In determining the propriety of sanctions, this court views the record from the
appellant=s point of view at the time the appeal was filed, and we may not consider
any matter that is not in the record, briefs, or other papers filed in this
court. Id.  








It is
clear from this record that the parties are engaged in an emotionally charged
dispute. The written communications, motions, and arguments presented by Cantu
and Maher are vitriolic and pugilistic.  However, after reviewing all relevant
evidence in the appellate record, and considering Cantu=s subjective point of view when this pro
se appeal was filed, we conclude Cantu did not initiate these proceedings
in bad faith or for the purpose of delay.  Accordingly, Maher=s Motion for Frivolous and Groundless
Appeal and Motion To Dismiss and Motion for Sanctions are overruled.

 

 

/s/        Charles
W. Seymore

Justice

 

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.

 









[1]  Rule 13 provides for sanctions if a party knowingly files a pleading
that is either (1) groundless and brought in bad faith or (2) groundless and
brought for the purpose of harassment.  Tex. R. Civ. P. 13.





[2]  A trial court has discretion to sanction a party for
failing or refusing to answer questions during a court-ordered deposition. See
Tex. R. Civ. P. 215.1(b)(2)(B).





[3]  A trial court=s
rule 13 or rule 215 sanctions order is reviewed for abuse of discretion. Downer
v. Acquamarine Operaters, Inc., 701 S. W. 2d 238, 241B42 (Tex. 1985); Parker v. Walton, 233 S.W.3d
535, 539 (Tex. App.CHouston [14th Dist.] 2007, no pet.).