**Reversed and Rendered and Memorandum Opinion filed March 5, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00385-CV

---

### LETICIA B. LOYA, Appellant

### V.

### MIGUEL ANGEL LOYA, Appellee

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-24514**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order imposing sanctions. The issue we must decide is whether the trial court abused its discretion when it found that a motion to modify was groundless, made in bad faith, and brought solely for the purpose of harassment. Because the record contains no evidence of sanctionable conduct, we

conclude that the trial court's finding was an abuse of discretion. Accordingly, we reverse the order of the trial court and render judgment that sanctions be denied.

## BACKGROUND

In 2008, Leticia Loya filed for divorce from her husband Miguel. Over the course of their nearly thirty-year marriage, the Loyas had amassed significant community assets, valued in the millions of dollars. The parties mutually agreed to divide these assets in mediation. The mediation began on June 12, 2010, and lasted until the early morning hours of the following day. At its conclusion, the parties executed a Mediated Settlement Agreement ("MSA"), which purported to divide all of the couple's property. In pertinent part, the MSA awarded Miguel all jewelry in his possession, custody, or control.

Leticia presented the MSA to the trial court on June 14, 2010, and requested that it be entered. The trial court rendered judgment by granting the divorce. The court also set an entry date and ordered the parties to draft their final documents.

Prior to entry of judgment, Leticia complained that Miguel was in possession of approximately $390,000 worth of women's jewelry, which had not been disclosed on Miguel's inventory of assets or specifically addressed in the MSA. Leticia had not intended for Miguel to be awarded this property, and accordingly, she wanted to set aside the MSA. The MSA contained a provision mandating binding arbitration of "all . . . drafting disputes, . . . issues regarding the interpretation of the [MSA], and . . . issues regarding the intent of the parties as reflected in [the MSA]." Leticia submitted her complaint to the arbitrator, Retired Judge Alvin Zimmerman, who had also presided over the mediation.

During arbitration, the parties disputed whether the allegedly undisclosed jewelry even existed. Miguel, through his attorney, vigorously denied that he had

2

the jewelry. Speaking for herself, Leticia stated that Miguel had admitted to keeping the jewelry in his corporate offices, and that the admission was documented in a deposition conducted the previous year.

Judge Zimmerman indicated that he was "really, really disturbed" by the allegations of undisclosed assets. He was also troubled that neither Leticia nor her legal team had addressed the jewelry during mediation, at a time when they were apparently on notice of the jewelry's existence. Judge Zimmerman declined to make any findings on this issue, however, stating that his only role was to interpret the document as it was written. The MSA plainly stated that Miguel was to retain all jewelry in his possession. Regretting this outcome, Judge Zimmerman suggested that Leticia should "carry this [issue] to another level" if she believed that there were undisclosed assets awarded under the MSA.

After the rulings at arbitration, the parties drafted an Agreement Incident to Divorce ("AID"), integrating the provisions of the MSA. On the recommendation of counsel, Leticia refused to sign the AID and the attached decree of divorce, moving instead to set aside the MSA. The trial court denied her motion without explanation. The trial court then entered the final decree of divorce, notwithstanding Leticia's failure to sign, finding that the AID accurately reflected the agreement of the parties and the rulings of the arbitrator.

On July 22, 2010, Leticia filed a motion to modify the trial court's judgment, claiming that the jewelry had been awarded to Miguel because of a mutual mistake. Miguel responded that relief should be denied because the arbitration was binding and enforceable. Miguel further argued that Leticia's motion should be struck based on her failure to provide notice to an amicus attorney, and her improper disclosure of confidential communications from the arbitration. He also sought sanctions and attorney's fees.

3

At a hearing on September 1, 2010, attorneys for both sides presented their arguments on Leticia's motion to modify. Counsel for Miguel testified that his client had incurred approximately $9,950 in attorney's fees responding to Leticia's motion to modify. Counsel testified that these fees were reasonable and necessary and should be granted as sanctions against Leticia. The trial court denied Leticia's motion to modify and granted Miguel's requested sanctions. Leticia then appealed.

On November 8, 2011, another panel of this court reversed the order of sanctions because the trial court had not described its reasoning with the requisite specificity. The panel accordingly remanded to the trial court for correction of its order. On remand, the trial court issued a revised sanctions order without hearing any new evidence. The trial court found that Leticia's filing of the motion to modify was sanctionable because the motion "was groundless and brought in bad faith, or groundless and brought for the purposes of harassment." The court found further: "The issue of the jewelry had been disposed of at mediation, where Leticia B. Loya was represented by 6 attorneys, and at arbitration where Leticia B. Loya was again represented by counsel. . . . There was no nonfrivolous argument made for the extension, modification, or reversal of the current law, nor the establishment of new law." From this order, Leticia appeals again.

## ANALYSIS

We review a trial court's decision to grant or deny sanctions for an abuse of discretion. *See Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam); *Clark v. Bres*, 217 S.W.3d 501, 515 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). When reviewing matters committed to the discretion of a trial court, we may not as an appellate court substitute our judgment for that of the court below. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam). Rather, our review is limited to deciding whether the trial court

4

acted arbitrarily, unreasonably, or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Leticia argues that the trial court abused its discretion because there was no evidence of sanctionable conduct, there was no evidence that Leticia should be sanctioned in her individual capacity, and there was no evidence that Leticia participated or is implicated in any of the proposed bases for an award of sanctions. Miguel responds that Leticia failed to preserve error on these issues. The previous panel of this court considered Miguel's preservation argument and, in its opinion, concluded that Leticia had not waived her complaints. *See Loya v. Loya*, No. 14-10-00864-CV, 2011 WL 5374199, at *3–4 (Tex. App.—Houston [14th Dist.] Nov. 8, 2011, no pet.) (mem. op.). The panel's decision is the law of the case. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012). We will not revisit it. *See id.*

The trial court awarded sanctions under Chapter 10 of the Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure. Under Chapter 10, a trial court may sanction a party for filing a pleading that is presented for an improper purpose, that is frivolous, or that is lacking in evidentiary support. *See* Tex. Civ. Prac. & Rem. Code §§ 10.001, 10.004. Rule 13 similarly provides that a trial court is authorized to sanction a party who files a pleading that is groundless and brought in bad faith, or groundless and brought for the purpose of harassment. *See* Tex. R. Civ. P. 13. "Groundless" under Rule 13 means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. *Id.* "Harassment" means that the pleading was intended to annoy, alarm, and abuse another person. *State v. PR Invs. & Specialty Retailers, Inc.*, 180 S.W.3d 654, 670 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Courts must presume that pleadings, motions, and other papers are filed in good faith. *See* Tex. R. Civ. P. 13 (stating this presumption expressly); *Thottumkal v. McDougal*, 251 S.W.3d 715, 718 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (adopting the same presumption when reviewing a sanctions award under Chapter 10). The party moving for sanctions bears the burden of overcoming this presumption. *See GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993). This is a heavy burden because bad faith is not simply bad judgment or negligence, but rather the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes. *See Parker v. Walton*, 233 S.W.3d 535, 540 (Tex. App.—Houston [14th Dist.] 2007, no pet.). The trial court must conduct an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the groundless petition. *See Aldine Indep. Sch. Dist. v. Baty*, 946 S.W.2d 851, 852 (Tex. App.—Houston [14th Dist.] 1997, no writ). "Incompetent evidence, surmise, or speculation will not suffice for the proof required." *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009).

Miguel's attorney was the only witness who testified during the evidentiary portion of the hearing. His testimony focused almost exclusively on the establishment of attorney's fees. His discussion of the motion to modify was limited to the following brief comments:

- The motion, in his opinion, "is a non-meritorious motion on its face";

- The motion is "a frivolous motion";

- In the past twenty-six months, the parties have spent more than eight million dollars in attorney's fees, and this motion "is another installment of the silliness"; and

- The motion is an example of "vexatious litigation" that at some point "has got to stop."

Miguel's attorney did not testify about his reasons for believing that the motion was non-meritorious and frivolous. Nor did he testify about Leticia's putative reasons or motivations for filing the motion to modify. Indeed, his only testimony with respect to Leticia was that she "has tens of millions of dollars of liquidity and a $10,000 attorney-fee sanction . . . is probably nothing [to her]."

Miguel dedicates much of his brief to explaining why Leticia's motion was properly denied. At most, his argument establishes that the motion may have been groundless. As movant below, he was still required to produce evidence that Leticia's motion was brought in bad faith, to harass, or for other improper purpose—but Miguel has not cited any such evidence. His attorney's characterizations of the motion were mere conclusions, and therefore, not evidence. *See Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion."); *see also McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ) (noting that evidence does not include the motions or arguments of counsel either). Based on the limited testimony, we conclude that the record contains no evidence rebutting the strong presumption that Leticia's motion was filed in good faith. Without such evidence, the trial court's sanctions order was an abuse of discretion. *Cf. Parker*, 233 S.W.3d at 541 (reversing order of sanctions where movant failed to adduce evidence of the motives, intent, and credibility of a party who filed for a constructive trust); *see also Karlock v. Schattman*, 894 S.W.2d 517, 523 (Tex. App.—Fort Worth 1995, orig. proceeding) ("Without hearing evidence on the circumstances surrounding the filing of the pleading signer's credibility and

motives, a trial court has no evidence to determine that a pleading was filed in bad faith or to harass.").

## CONCLUSION

We reverse the trial court's order imposing sanctions against Leticia and render judgment that Miguel's motion for sanctions be denied.

/s/     Adele Hedges
          Chief Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.