# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00144-CV

**Charles W. Sullivan, Appellant**

**v.**

**Arguello Hope & Associates, PLLC; Philip K. Broderick, Individually;
Andres A. Arguello, Individually; Samantha Fenwick, Individually;
Schavon J. Jahn; and Albert Zavala, Appellees**

---

**FROM THE DISTRICT COURT OF COMAL COUNTY, 433RD JUDICIAL DISTRICT
NO. C2017-0422D, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Charles W. Sullivan challenges the trial court's imposition of sanctions against him under rule 13 of the Texas Rules of Civil Procedure and chapters 9 and 10 of the Texas Civil Practice and Remedies Code. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code §§ 9.001-.014, 10.001-.006. Sullivan contends that the trial court erred in sanctioning him for filing a suit that was alleged to be groundless as a result of requests for admissions that were deemed admitted by procedural default. *See* Tex. R. Civ. P. 198.2(c) ("If a response [to a request for admissions] is not timely served, the request is considered admitted without the necessity of a court order."). We will reverse the trial court's sanctions order.

**BACKGROUND**

In January 2016, Arguello Hope & Associates, PLLC, filed suit against an insurance carrier asserting causes of action arising out of alleged mishandling of a claim for insurance benefits. The suit also named an individual adjuster, Connie Evans, as a defendant. According to Arguello Hope, it located Evans's name and address from the Texas Department of Insurance website but, because there were a number of individuals listed on the website who shared Evans's name, it "accidentally" served process on the wrong Connie Evans. After Evans contacted Arguello Hope to explain that she was not a correct party to the suit, Arguello Hope filed a nonsuit removing Evans from the suit. According to Sullivan, Arguello Hope again served Evans in a suit filed in September 2016 on behalf of a different client who also asserted causes of action against an insurance company arising out of the alleged mishandling of a claim for insurance benefits. Evans was nonsuited from the second suit as well.

In March 2017, Sullivan, as counsel for Evans and her husband, filed suit against Arguello Hope, three attorneys affiliated with the firm—Philip K. Broderick, Andres A. Arguello, and Samantha Fenwick—and Arguello Hope's clients Schavon J. Jahn and Albert Zavala.[1] The petition alleged that, as a result of being named in the two lawsuits, Evans and her husband encountered professional difficulties, including impairment of Evans's professional license and impediments to obtaining security clearances required for desired employment with agencies of

---

[1] Jahn and Zavala were the plaintiffs in the suits Arguello Hope filed against the insurance company and its adjuster.

the federal government. The petition included causes of action for invasion of privacy by misappropriation of a name, defamation, and intentional infliction of emotional distress.

Arguello Hope served written discovery requests on Evans and her husband, including requests for admissions. The subsequent events are disputed by the parties[2] but ultimately Arguello Hope secured an order from the trial court stating: "Further, Defendant propounded its first set of requests for admission on September 23, 2017, and Plaintiffs failed to respond in a timely and appropriate fashion, and therefore, Defendant's requests for admission are considered admitted, pursuant to Rule 198.2(c)." A week later, Sullivan filed a notice of nonsuit of all claims asserted against all parties in the suit. Thereafter, Arguello Hope filed a motion to impose sanctions on Sullivan pursuant to chapters 9 and 10 of the Texas Civil Practice and Remedies Code and rule 13 of the Texas Rule of Civil Procedure. Arguello Hope asserted that sanctions were warranted because Sullivan filed an original petition that was "groundless, frivolous and filed merely for the purpose of harassment." After conducting a hearing, the trial court signed an order directing Sullivan to pay Arguello Hope $11,170 as "sanctions for violation of Texas Rule of Civil Procedure 13; Texas Civil Practice and Remedies Code § 9.011; and Texas Civil Practice and Remedies Code § 10.001." Sullivan then perfected this appeal.

## STANDARD OF REVIEW

We review the trial court's imposition of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). We review the entire record to determine whether the

---

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

trial court abused its discretion. *American Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam). In deciding whether the trial court abused its discretion, "[a]n appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Id.* (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004)). When it comes to deciding what law applies or in applying that law to the facts of the case, however, the trial court has no discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (trial court's failure to correctly analyze or apply law constitutes abuse of discretion). The party seeking sanctions bears the burden of overcoming the presumption that pleadings and other papers are filed in good faith. *Low*, 221 S.W.3d at 614.

**DISCUSSION**

***Sanctions pursuant to Rule 13***

Rule 13 of the Texas Rules of Civil Procedure states:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. [] If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction under Rule 215, upon the person who signed it, a represented party, or both.

Tex. R. Civ. P. 13. Rule 13 authorizes the imposition of sanctions against an attorney who files a pleading that is (1) both groundless *and* brought in bad faith; *or* (2) groundless *and* brought for the

4

purpose of harassment. *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ). Rule 13 does not permit sanctions on the issue of groundlessness alone. *Nath v. Texas Children's Hosp.*, 446 S.W.3d 355, 362-63 (Tex. 2014). The burden is on the movant to establish not only the frivolity of its opponent's claim but also the improper motives underlying the decision to file the suit, motion, or document.

In imposing rule 13 sanctions, the trial court is required to state with particularity good cause justifying sanctions in the order. *See* Tex. R. Civ. P. 13. Failure to comply with this directive is an abuse of discretion. *Texas-Ohio Gas v. Mecom*, 28 S.W.3d 129, 135 (Tex. App.—Texarkana 2000, no pet.). In this case, the trial court did not state the particulars of good cause for sanctions, such as whether the suit was groundless and brought in bad faith or groundless and brought for the purpose of harassment. The order awarding sanctions against Sullivan states:

> The Court, having considered this matter, and after reviewing Defendant's Motion, Plaintiff's response (if any), and arguments of counsel, the Court FINDS good cause and ORDERS that Defendant's Motion is **GRANTED**.

However, because Sullivan did not object to the form of the sanctions order, he has waived any objection to the absence of a bad faith or harassment finding. *See id.*; *Land v. AT & S Transp., Inc.*, 947 S.W.2d 665, 667 (Tex. App.—Austin 1997, no writ).[3] Thus, we consider whether the record contains any evidence to support an *implied* finding that the lawsuit was brought in bad faith or for

---

[3] Sullivan, on behalf of his clients, requested that the court file findings of fact and conclusions of law pursuant to Texas Rule of Procedure 296, but did not object to the form of the sanctions order. Arguello Hope submitted proposed findings of fact and conclusions of law, but the record does not reflect that the proposed findings and conclusions were ever filed by the court.

the purpose of harassment. *See Robson v. Gilbreath*, 267 S.W.3d 401, 407 (Tex. App.—Austin 2008, pet. denied).

Rule 13 regulates the *signing* and *filing* of groundless pleadings in bad faith or for purposes of harassment, not the pursuit of an action later determined to be groundless *after* pleadings were filed. *Karagounis v. Property Co. of Am.*, 970 S.W.2d 761, 764 (Tex. App.—Amarillo 1998, pet. denied). The rule states that the court shall impose an appropriate sanction "[i]f a pleading, motion or other paper is *signed* in violation of this rule." Tex. R. Civ. P. 13 (emphasis added). The rule says nothing about levying sanctions if one pursues an action or pleading thought legitimate when filed but subsequently found baseless. "As a result, the circumstances pivotal to the determination of whether sanctions should issue are those in existence at the time the pleading in question was signed and filed." *Karagounis*, 970 S.W.3d at 764; *see also Baird v. Villegas*, No. 03-03-00156-CV, 2004 WL 524460, at *4 (Tex. App.—Austin Mar. 18, 2004, no pet.) (mem. op.) (rule 13 authorizes sanctions only for bringing or signing pleadings containing frivolous or groundless claims).

In the context of rule 13, "bad faith" means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose, and not simply bad judgment or negligence. *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.). Trial courts must presume that pleadings, motions, and other papers are filed in good faith. Tex. R. Civ. P. 13. The party moving for sanctions has the burden of overcoming this presumption. *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993) (orig. proceeding).

In deciding whether a pleading was filed in bad faith or for the purpose of harassment, the trial court must consider the acts or omissions of counsel, not merely the legal merit of a pleading or motion. *See Parker v. Walton*, 233 S.W.3d 535, 540 (Tex. App.—Houston [14th Dist.] 2007, no pet.). A party acts in bad faith if he has been put on notice that his understanding of the facts may be incorrect and he does not make reasonable inquiry before pursuing a claim further. *Robson*, 267 S.W.3d at 407. Intent to harass may be proven with either direct or circumstantial evidence. *See Scheel v. Alfaro*, 406 S.W.3d 216, 227 (Tex. App.—San Antonio 2013, pet. denied); *Schexnider v. Scott & White Mem'l Hosp.*, 953 S.W.2d 439, 441 (Tex. App.—Austin 1997, no writ).

At the hearing on the motion for sanctions, Arguello Hope did not put on any evidence and called no witnesses. Instead, Arguello Hope argued that the deemed admissions "conclusively establish that the original petition and subsequent pleadings were groundless" and that "the deemed admissions establish bad faith in filing the lawsuit." The record reflects that the requests were deemed admitted as the result of procedural default—failing to timely file responses by October 23, 2017. There was no evidence that any of the requests would have otherwise been admitted or that they properly should have been. The deemed admissions do not constitute either direct or circumstantial evidence that, at the time the petition was filed, Sullivan knew or had reason to believe that the claims were groundless such that his having signed and filed a pleading asserting those claims could be found to have been in bad faith or for an improper purpose.

Having failed to receive into evidence any relevant facts regarding the circumstances surrounding the filing of the lawsuit, the trial court had no evidence before it to determine the motives and credibility of the person filing the allegedly groundless pleading or the relevant culpability of Sullivan or his clients. *See New York Underwriters Ins. Co. v. State Farm Mut. Auto.*

7

*Ins. Co.*, 856 S.W.2d 194, 205 (Tex. App.—Dallas 1993, no writ). We conclude that Arguello Hope did not rebut the presumption that the lawsuit was filed in good faith. The trial court therefore abused its discretion when it granted the motion for sanctions under rule 13.

### Sanctions pursuant to Chapter 10

Chapter 10 of the Texas Civil Practice and Remedies Code allows sanctions for pleadings filed with an improper purpose or that lack legal or factual support. It provides that on signing a pleading or motion, a signatory attests that:

> (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Tex. Civ. Prac. & Rem. Code § 10.001. Pleadings that violate these Chapter 10 requirements are sanctionable. *Id.* § 10.004(a).

We have already concluded that there was no evidence to support an implied finding that the claims were brought in bad faith or for the purpose of harassment. "Improper purpose" under chapter 10 is the equivalent of "bad faith" under rule 13. *Kramer v. Kastleman*, No. 03-13-00133-CV, 2017 WL 5119211, at *13 (Tex. App.—Austin Nov. 3, 2017, pet. denied) (mem. op.); *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 183-84 (Tex. App.—Texarkana 2011,

8

no pet.). Thus, the trial court could not have awarded sanctions under chapter 10 on the ground that the pleadings were brought for an improper purpose. However, chapter 10 provides that a claim that lacks a legal or factual basis—without more—is sanctionable. *See* Tex. Civ. Prac. & Rem. Code § 10.001; *Low*, 221 S.W.3d at 617 (discussing disjunctive nature of chapter 10's bases for sanctions). Legally, the claim must be warranted by existing law or a nonfrivolous argument to change existing law. Tex. Civ. Prac. & Rem. Code § 10.001(2).

On appeal, Arguello Hope asserts that the deemed admissions rendered the claims Sullivan brought on behalf of his clients frivolous. However, the Texas Supreme Court has instructed that "the vantage point for assessing evidentiary support is at the time the pleading was filed." *Nath*, 446 S.W.3d at 369. At the time the claims were filed, the requests for admissions had not even been propounded, let alone deemed admitted. The subsequent legal effect of the deemed admissions cannot be considered in assessing whether the claims were frivolous when they were filed. A claim that lacks evidentiary support may be the basis for sanctions if, after it was filed, a party learns that no support for the contentions exists and still pursues litigation. *See id.* (recognizing difference between sanctions for groundless pleadings and sanctions for discovery abuse). Here, however, the record reflects that Sullivan nonsuited all claims against Arguello Hope shortly after entry of the trial court's order stating that the requests for admissions were deemed admitted.

Arguello Hope also asserts that the claims Sullivan filed on behalf of his clients were groundless because they were barred by attorney immunity. Attorney immunity is an affirmative defense and is not an absolute bar to claims asserted against attorneys. The focus in evaluating attorney liability to a non-client is "on the kind—not the nature—of the attorney's conduct." *Cantey*

9

*Hanger, LLP v. Byrd*, 467 S.W.3d 477, 483 (Tex. 2015). "An attorney who pleads the affirmative defense of attorney immunity has the burden to prove that his alleged wrongful conduct [] is part of the discharge of his duties to his client." *Id.* at 484. This immunity does not bar, from the outset, the assertion of all claims against attorneys. Rather, immunity is a defense that must be raised, and the burden of establishing a right to such immunity is on the defendant. The doctrine of attorney immunity does not, on its own, render suits against attorneys groundless. Although Sullivan might not ultimately have prevailed on his claims, the mere fact that a trial court grants summary judgment or a jury rejects a plaintiff's claims does not justify sanctions under section 10.001. Rather, the inquiry is whether "*to the signatory's best knowledge, information, and belief, formed after reasonable inquiry* . . . [the] claim . . . is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" or "has evidentiary support or . . . is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *See* Tex. Civ. Prac. & Rem. Code § 10.001(2), (3) (emphasis added). Arguello Hope cites no evidence, and presents no analysis, regarding Sullivan's "best knowledge, information, and belief, formed after reasonable inquiry" concerning whether an attorney-immunity defense would, as a matter of law, defeat the claims asserted in the petition. We conclude that, on this record, the trial court could not properly have awarded sanctions under chapter 10 and abused its discretion in doing so.

### Sanctions pursuant to Chapter 9

Chapter 9 of the Texas Civil Practice and Remedies Code also addresses frivolous pleadings and claims, but its application is limited to proceedings in which neither rule 13 nor

chapter 10 applies.  *See* Tex. Civ. Prac. & Rem. Code § 9.012(h); *see also Low*, 221 S.W.3d at 614 (noting "Chapter 9 of the Texas Civil Practice and Remedies Code only applies in proceedings in which neither Rule 13 nor Chapter 10 applies").  The Texas Supreme Court has observed that "[c]hapter 9 has largely been subsumed by subsequent revisions to the code." *Nath*, 446 S.W.3d at 362 n.6 (citing Cynthia Nguyen, *An Ounce of Prevention is Worth a Pound of Cure?: Frivolous Litigation Diagnosis Under Texas Government Code Chapters 9 and 10, and Texas Rule of Civil Procedure 13*, 41 Tex. L. Rev. 1061, 1083-84 (2000) (theorizing "it would be difficult to conceive of a scenario in which Chapter 9 would be applicable," and noting that "there are only a handful of cases that even cite Chapter 9, and these date from before the 1999 amendment to Section 9.012")).  Since chapter 10 and rule 13 both apply to alleged misconduct occurring at the time of pleading or motion filing, chapter 9, by its own terms, is inapplicable to the area of frivolous litigation and does not apply to this case.  The trial court could not properly award sanctions pursuant to chapter 9 and abused its discretion in doing so.

## CONCLUSION

For the reasons stated above, an award of sanctions pursuant to chapter 9, chapter 10, or rule 13 constituted an abuse of the trial court's discretion.  Consequently, we reverse the sanctions order and render judgment that the motion for sanctions be denied.

 

_____
David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Reversed and Rendered

Filed:   December 7, 2018

11