**In the ESTATE OF Ramiro AGUILAR Jr.**

**No. 04–14–00898–CV**

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: April 27, 2016

Anthony C. Aguilar, El Paso, TX, for Appellant.

Laura A. Cavaretta William Elton Leighner Cavaretta, Katona & Francis, PLLC Arthur H. Bayern Langley & Banack, Inc. San Antonio, TX, for Appellee.

Sitting: Rebeca C. Martinez, Justice, Patricia O. Alvarez, Justice, Luz Elena D. Chapa, Justice

## OPINION

Opinion by: Patricia O. Alvarez, Justice

This case stems from an award of sanctions imposed against Appellant Anthony Aguilar. On appeal, Aguilar raises fourteen separate issues. For purposes of clarity, Aguilar's complaints are jointly restated as follows: (1) the Bexar County Probate Court did not have jurisdiction to sanction him for conduct in a separate court, (2) the Bexar County Probate Court's sanction order was an abuse of discretion, and (3) the Bexar County Pro-

bate Court admitted and considered inadmissible evidence of attorney's fees. We affirm the Bexar County Probate Court's December 12, 2014 sanctions order.

### FACTUAL AND PROCEDURAL BACKGROUND

This is not the first time these parties have come before this court. To the contrary, this court has issued no less than six opinions in cases filed by Aguilar regarding this subject matter.[2] Because the Bexar County Probate Court failed to hold an evidentiary hearing on sanctions, as required by Rule 13 of the Texas Rules of Civil Procedure, we reversed and remanded the matter to the Bexar County Probate Court on February 19, 2014, for an evidentiary hearing as required by Rule 13 of the Texas Rules of Civil Procedure. *See In re Estate of Aguilar,* No. 04–13–00038–CV, 2014 WL 667516, at *7–8 (Tex. App.–San Antonio Feb. 19, 2014, pet. denied) (mem.op.) (citing TEX. R. CIV. P. 13) ("If a pleading, motion or other paper is signed in violation of this rule, the court ... after notice and hearing, shall impose an appropriate sanction[.]")). Since understanding the factual and procedural background of this case is important to resolution of the issues presented, we again set out the facts necessary for context.

This dispute originally stems from a probate matter between siblings Appellant Anthony Aguilar, a licensed attorney, and Appellee Margaret Morales. Their father, Ramiro Aguilar Jr., died in the summer of

---

1. The Honorable Tom Rickoff is the presiding judge of Probate Court No. 2, Bexar County, Texas. However, the sanctions order in this matter was signed by the Honorable Gladys B. Burwell, sitting by assignment.

2. *See In re Aguilar,* No. 04–16–00027–CV, 2016 WL 402292 (Tex.App.–San Antonio Feb. 3, 2016, orig. proceeding) (per curiam); *In re Estate of Aguilar,* 435 S.W.3d 831 (Tex.App.–San Antonio 2014, orig. proceeding); *In re Estate of Aguilar,* No. 04–13–00367–CV, 2014

WL 2443865 (Tex.App.–San Antonio May 28, 2014, orig. proceeding) (mem.op.); *In re Estate of Aguilar,* No. 04–13–00038–CV, 2014 WL 667516 (Tex.App.–San Antonio Feb. 19, 2014, orig. proceeding) (mem.op.); *In re Aguilar,* No. 04–13–00589–CV, 2013 WL 5297243 (Tex.App.–San Antonio Sept. 18, 2013, orig. proceeding) (per curiam); *In re Aguilar,* No. 04–13–00425–CV, 2013 WL 4501435 (Tex.App.–San Antonio Aug. 21, 2013, orig. proceeding) (mem.op.).

2012. On August 31, 2012, Aguilar filed an application on behalf of Morales to probate their father's will in Bexar County Probate Court No. 2. On September 15, 2012, Morales retained new counsel. The will was admitted to probate and Morales was appointed independent executrix on September 17, 2012.

Two days later, on September 19, 2012, Aguilar sued Morales in the 327th El Paso District Court. Aguilar's petition alleged he was the personal representative of Ramiro's estate and that Morales breached her fiduciary duty by mismanaging the estate's real and personal property.

On October 10, 2012, the Bexar County Probate Court granted Morales's motion to transfer all proceedings to the Bexar County Probate Court pursuant to section 34.001 of the Estates Code. *See* TEX. EST. CODE ANN. § 34.001 (West Supp.2015).[3] Two days later, on October 12, 2012, Morales mailed a copy of the transfer order to the El Paso District Court. Morales did not send a copy of the notice of the transfer order to Aguilar. Morales then filed an answer in the Bexar County Probate Court.

Despite Morales's attempt to notify the El Paso District Court of the transfer, Aguilar obtained a default judgment against Morales on October 29, 2012. At the proceeding, Aguilar assured the El Paso District Court that it had competent jurisdiction. The El Paso District Court entered default judgment against Morales in the amount of $3,175,500.00.

Relying on the October 10, 2012 transfer order, Morales filed a Motion to Set Aside Default Judgment and Motion for Sanctions in the Bexar County Probate Court,

asserting Aguilar's El Paso pleadings were frivolous. On December 5, 2012, the Bexar County Probate Court held a hearing on the motion and took the matter under advisement.

On December 12, 2012, prior to any ruling by the Bexar County Probate Court on the pending motion, Aguilar filed a second lawsuit against Morales in El Paso County Court at Law No. 6. The petition was substantially similar to the petition filed in the El Paso District Court. In response, Morales again filed a motion to transfer the County Court at Law matter to the Bexar County Probate Court and sought further sanctions against Aguilar. Aguilar nonsuited the County Court at Law matter prior to the Bexar County Probate Court acting on Morales's motion to transfer.

On January 11, 2013, the Bexar County Probate Court signed an order setting aside the El Paso District Court default judgment, dismissing the El Paso District Court original petition with prejudice, and sanctioning Aguilar for filing frivolous pleadings. On January 28, 2013, the Bexar County Probate Court imposed further sanctions against Aguilar for filing frivolous pleadings in the County Court at Law matter.

On February 19, 2014, this court affirmed the Bexar County Probate Court's transfer, voided the El Paso District Court's default judgment, and affirmed the Bexar County Probate Court's January 28, 2013 sanctions order. *See Estate of Aguilar*, 2014 WL 667516, at *9. However, because the probate court failed to hold an evidentiary hearing on the issue of sanc-

---

**3.** Effective January 1, 2014, the Texas Probate Code was repealed and recodified in the Texas Estates Code. *See* Acts of May, 2009; 81st Leg., R.S. ch. 680, §§ 1–12, 2009 Tex. Gen. Laws 1512, 1512–1735. We will refer to the

Estates Code and its corresponding sections, when possible, where the parties and Bexar County Probate Court had originally referred to the Probate Code.

tions, the January 11, 2013 sanctions order was reversed and remanded for an evidentiary hearing. *See id.* at *8.

On remand, following an evidentiary hearing, on December 12, 2014, the Bexar County Probate Court again held that Aguilar's pleadings and subsequent conduct in the El Paso District Court violated Rule 13 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 13. The probate court imposed sanctions in the amount of $34,005.91 equal to the amount of Morales's attorney's fees, and this appeal ensued.

As stated above, in his current appeal, Aguilar raises fourteen issues which can be summarized as follows: (1) the Bexar County Probate Court did not have jurisdiction to impose sanctions against Aguilar for conduct in the El Paso District Court; (2) the Bexar County Probate Court's sanctions order, dated December 12, 2014, was an abuse of discretion; and (3) the probate court admitted and considered inadmissible evidence of attorney's fees.

We turn first to Aguilar's issues related to the Bexar County Probate Court's jurisdiction.

### JURISDICTION

#### A. Law of the Case Doctrine

■ Aguilar contends the El Paso District Court, and not the Bexar County Probate Court, possessed jurisdiction to impose sanctions, if any, for his pleadings and conduct in the El Paso District Court. Based on our previous holdings in *In re Estate of Aguilar*, 2014 WL 667516, at *6, we disagree.

■ The law of the case doctrine provides that "the initial determination of questions of law will be held to govern the case throughout its subsequent stages." *Trevino v. Turcotte*, 564 S.W.2d 682, 685 (Tex.1978); *see also Briscoe v. Goodmark*

*Corp.*, 102 S.W.3d 714, 716 (Tex.2003); *In re Estate of Chavana*, 993 S.W.2d 311, 314–15 (Tex.App.–San Antonio 1999, no pet.). We previously held that "the [Bexar County Probate Court] had jurisdiction under section 32.001 [of the Estates Code] to enter orders relating to the [El Paso District Court] case, including sanction orders, because it was a matter relating to Ramiro's estate." *In re Estate of Aguilar*, 2014 WL 667516, at *5 (citing TEX. EST. CODE ANN. § 32.001(a)). Therefore, the law of the case doctrine applies. *See Turcotte*, 564 S.W.2d at 685. Accordingly, the Bexar County Probate Court had jurisdiction to sanction Aguilar for his pleadings and conduct in the El Paso District Court, even after the El Paso case was transferred to the probate court. *See In re Estate of Aguilar*, 2014 WL 667516, at *5. We, therefore, overrule this issue.

Having found the Bexar County Probate Court possessed jurisdiction over these matters, we turn to Aguilar's contention that the probate court abused its discretion in granting Morales's motion for sanctions and imposing sanctions against Aguilar in an amount equal to Morales's attorney's fees incurred to defend the El Paso filings.

### SANCTIONS

#### A. Standard of Review

■ Appeals from sanctions orders are reviewed under an abuse of discretion standard. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex.2007); *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex.2004). "An assessment of sanctions will be reversed only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex.2009) (citing *Low*, 221 S.W.3d at 614). Rulings need only be

based on some evidence, even if the evidence is conflicting. *Id.* Appellate courts look to the entire record to determine whether there was an abuse of discretion. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 853 (Tex.1982) (orig.proceeding).

## B. Sanctions Under Rule 13 of the Texas Rules of Civil Procedure

■ "Texas Rule of Civil Procedure 13 authorizes imposition of sanctions against an attorney, a represented party, or both, who file pleadings that are (1) groundless and brought in bad faith or (2) groundless and brought to harass." *Parker v. Walton*, 233 S.W.3d 535, 539 (Tex.App.–Houston [14th Dist.] 2007, no pet.) (citing TEX. R. CIV. P. 13); *see also Estate of Davis v. Cook*, 9 S.W.3d 288, 297 (Tex.App.–San Antonio 1999, no pet.).

Here, the Bexar County Probate Court found that Aguilar's pleadings and conduct were groundless and brought in bad faith and for the purpose of harassment.

### 1. *Arguments of the Parties*

Aguilar asserts the Bexar County Probate Court erred in its December 12, 2014 sanctions order as follows: (1) section 233 of the former Texas Probate Code and *Lopez v. Hernandez*, 351 S.W.3d 387 (Tex. App.–El Paso 2011, pet. denied) provided Aguilar with standing to sue as a personal representative of the estate, (2) neither Aguilar nor the El Paso District Court had knowledge or notice of the transfer order, and (3) there is no evidence that his actions in filing the proceedings in El Paso were wrongful.

### 2. *Morales's Motion for Sanctions*

Morales filed multiple motions for sanctions against Aguilar. *See* TEX. R. CIV. P. 13. Morales's first motion was based on Aguilar's pleadings in the El Paso District Court. Aguilar, as counsel for Morales, filed the original probate proceedings in the Bexar County Probate Court requesting Morales's appointment as independent executrix. Two days after the will was admitted to probate, Aguilar, allegedly acting as personal representative of the estate, sued Morales in the El Paso District Court. Morales moved for sanctions. Morales argued that (1) Aguilar misrepresented himself as a representative of the estate, (2) he knew he lacked authority to bring the action, and (3) the pleadings were groundless, fictitious, and made with the intent to harm and harass Morales. In the motion, Morales sought sanctions, attorney's fees, and court costs.

In her second motion, Morales sought sanctions based on the $3,715,000.00 default judgment Aguilar obtained against Morales in the El Paso District Court *after* the Bexar County Probate Court transferred the suit from the El Paso District Court to the Bexar County Probate Court. Morales argued Aguilar's initial pleadings in the El Paso District Court, and subsequent default judgment, were for the sole purpose of harassment. Along with sanctions, the Bexar County Probate Court dismissed the El Paso District Court action with prejudice.

### 3. *Groundless Pleadings*

■ Groundless pleadings have "no basis in law or fact and [are] not warranted by good faith argument for the extension, modification, or reversal of existing law." TEX. R. CIV. P. 13; *Estate of Davis v. Cook*, 9 S.W.3d at 297. To prevail on her motions for sanctions, Morales also had to prove either bad faith or harassment. TEX. R. CIV. P. 13 (requiring either "groundless and brought in bad faith" or "groundless and brought for the purpose of harassment"); *Estate of Davis v. Cook*, 9 S.W.3d at 297. Because Rule 13 does not define "bad faith" or "harassment," we look to case law for guidance. *Estate of Davis*, 9 S.W.3d at 298 (recognizing Rule

13's silence in defining "bad faith" and "harassment"). Bad faith entails more than "simply bad judgment or negligence; rather, it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *Parker*, 233 S.W.3d at 540; *see Estate of Davis*, 9 S.W.3d at 298 (explaining bad faith requires proof "the claim was motivated by malicious or discriminatory purpose"); *see also Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668 (Tex.App.–Dallas 2003, no pet.) ("Improper motive is an essential element of bad faith.").

Similarly, harassment focuses on the pleader's intent to "annoy, alarm, and abuse another person" through the pleadings. *See Parker*, 233 S.W.3d at 540. For example, in *Hawkins v. Estate of Volkmann*, 898 S.W.2d 334, 338 (Tex.App.–San Antonio 1995, writ denied), counsel representing one of the parties (1) repeatedly challenged the estate's temporary administrator's actions without reasonable cause or justification, (2) filed overly repetitious pleadings regarding routine matters that had already been established, (3) continually sought jury trials after every will challenge, (4) filed several applications to probate wills that had already been revoked, and (5) continuously sought to recuse multiple judges presiding over the matter. *Id.* The trial court found that these actions were taken in order to force the estate to settle, *id.* at 337, and to delay the estate's administration, *id.* at 338. The trial court's sanctions, based on its findings that Hawkins's actions were for the purpose of harassment, were affirmed on appeal. *Id.*

### 4. Analysis

Although Aguilar contends the sanctions were based on his lack of standing to sue in the El Paso District Court, Morales's motion and the Bexar County Probate Court's order focused on Aguilar's conduct *after* the suit was transferred to the Bexar County Probate Court pursuant to section 32.001(a) of the Texas Estate Code. *See* Tex. Est. Code Ann. § 32.001(a).

During the sanctions hearing, Aguilar asserted he was unaware of the transfer order based on Morales's failure to provide notice:

> [Morales] never served me with a copy of the signed order.... [I]f I had been served with a copy of that order ... I would have never gone with a Default Judgment. I would have told [the El Paso District Court] that [Morales] had filed things and I couldn't go forward.

Aguilar conceded, however, that he was aware of Morales's motion to transfer. The record suggests Aguilar knew much more.

Morales filed her motion to transfer on October 5, 2012. The motion included a fiat setting the matter for trial on October 10, 2012, and a certificate of service to Aguilar. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex.1978) ("It is reasonable to assume that if a trial setting is requested from the district clerk, a litigant is put on notice that trial may be on that requested date."). On October 9, 2012, Aguilar filed his objection to the motion to transfer. The Bexar County Probate Court signed the transfer order on October 10, 2012.

At the evidentiary hearing on remand, the Bexar County Probate Court considered the pleadings filed in both courts, the testimony and exhibits offered during the evidentiary hearing, and arguments of counsel. The sanctions order focused primarily on Aguilar's misrepresentation of himself as personal representative of the estate, Aguilar's knowledge and notice of the probate court's transfer order, and Aguilar's actions in the El Paso District Court. More specifically, the probate court found Aguilar's original petition filed in the El Paso District Court had no basis

in law or fact and was not in good faith, and the default judgment was obtained through Aguilar's misrepresentations to the court and with intent to harass Morales. As the finder of fact, the Bexar County Probate Court was free to determine the credibility of the evidence and witness testimony presented. *Daniel v. Kelley Oil Corp.*, 981 S.W.2d 230, 232 (Tex. App.–Houston [1st Dist.] 1998, pet. denied); *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 698 (Tex.2015) (orig. proceeding); *see also In re Estate of Henry*, 250 S.W.3d 518, 523 (Tex.App.–Dallas 2008, no pet.) ("[W]e are mindful that the fact-finder was the sole judge of the credibility of the witnesses and the weight to be given their testimony.").

The record is replete with evidence that support the Bexar County Probate Court's findings that Aguilar knew about the motion to transfer, acted without candor to the El Paso District Court, and filed the pleadings for the purpose of harassment. *See Parker*, 233 S.W.3d at 540; *Estate of Davis*, 9 S.W.3d at 298. Moreover, Aguilar's suggestion that Morales was required to provide him with notice of the transfer order is without authority or legal basis. *See Mansfield State Bank*, 573 S.W.2d at 185. The Bexar County Probate Court further found that Aguilar continued to pursue the El Paso District Court matter by misrepresenting himself as a personal representative of the estate and the court's jurisdiction to enter a default judgment against Morales.

Based on the totality of the record before us, we cannot say the Bexar County Probate Court abused its discretion by imposing sanctions on Aguilar. *See In re Estate of Clark*, 198 S.W.3d 273, 275 (Tex. App.–Dallas 2006). Accordingly, we overrule Aguilar's second issue.

## C. Appropriateness of the Sanctions

Having found that the probate court acted within its broad discretion to sanction Aguilar, we now turn to Aguilar's contention that the amount and type of sanctions imposed by the Bexar County Probate Court was an abuse of discretion.

■ The amount of sanctions awarded is left to the sound discretion of the trial court. *Low*, 221 S.W.3d at 619 (citing *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991)). Although a trial court is bestowed with broad latitude, the sanctions imposed must be just, Tex. R. Civ. P. 215, and comport with federal due process requirements, *TransAmerican*, 811 S.W.2d at 917. To satisfy these requirements, a two-pronged standard is applied:

■ First, a direct relationship must exist between the offensive conduct and the sanction imposed. This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party.

. . . .

Second, just sanctions must not be excessive. The punishment should fit the crime. . . . It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance.

*Id.*; *see Low*, 221 S.W.3d at 619–20; *Am. Flood Research v. Jones*, 192 S.W.3d 581, 584 (Tex.2006); *see also Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 364 (Tex. 2014) ("Though we have specifically addressed sanctions stemming from a charge of discovery abuse in *TransAmerican*, we have previously held the due process requirements we established there apply to pleadings sanctions as well.").

### 1. Death Penalty Sanctions

Aguilar asserts the Bexar County Probate Court's order setting aside the default

judgment, dismissal with prejudice of the El Paso District Court suit, and award of Morales's attorney's fees constitutes death penalty sanctions. *See TransAmerican,* 811 S.W.2d at 917–18 (explaining that a trial court's adjudication of "the party's claims without regard to their merits but instead upon the parties' conduct" were death penalty sanctions). Because we already addressed this issue in one of Aguilar's previous appeals, *In re Estate of Aguilar,* No. 04–13–00038–CV, 2014 WL 667516, at *7 (Tex.App.–San Antonio 2014, pet. denied) (mem.op.), the law of the case doctrine applies, *Turcotte,* 564 S.W.2d at 685, and we overrule Aguilar's issue asserting the Bexar County Probate Court's sanctions order was an erroneous imposition of death penalty sanctions.

### 2. *Monetary Sanctions*

Aguilar next argues the Bexar County Probate Court's award of $34,005.91 in attorney's fees, as a sanction for his conduct, was an abuse of discretion. We must thus determine whether the monetary sanctions were appropriate in light of Aguilar's actions in the El Paso District Court. "In reviewing the imposition of sanctions, we ordinarily look to the particulars of good cause set out in the sanctions order." *Estate of Davis,* 9 S.W.3d at 297 (citing *Monroe v. Grider,* 884 S.W.2d 811, 817 (Tex.App.–Dallas 1994, writ denied)). "The amount of the sanction is limited by the trial court's duty to exercise sound discretion." *Low,* 221 S.W.3d at 619 (citing *TransAmerican,* 811 S.W.2d at 917); *see also* Sande L. Buhai, *Everyone Makes Mistakes: Attorney's Fees Recovery in Legal Malpractice Suits,* 6 St. Mary's J. on Legal Mal. & Ethics 32, 64 (2016) ("As it stands, courts have discretion to (and must) make fee award decisions on a case-by-case basis."). A trial court abuses its discretion when it sanctions without adequate evidence. *See Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998) ("[I]n reviewing an attorney fee award ... the court of appeals must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence....").

Whether a sanction is just requires an analysis of the correlation between Aguilar's conduct and the amount of the award. *See TransAmerican,* 811 S.W.2d at 917; *see also Chrysler Corp.,* 841 S.W.2d at 849. On remand, the Bexar County Probate Court heard an abundance of testimony that Aguilar's pleadings were groundless, in bad faith, and for harassment purposes. Once again, as the fact finder, the probate court was free to evaluate the credibility of Aguilar's testimony. *See Daniel,* 981 S.W.2d at 232. In addition to the testimony during the evidentiary hearing, the probate court relied on an affidavit of Morales's counsel and a detailed invoice of the services rendered. The trial court imposed sanctions in the amount of $34,005.91, an amount equal to the monies Morales expended defending against Aguilar's misconduct. We, therefore, conclude the sanctions were a direct reimbursement for the exact amount of legal expenses incurred by Morales. Because the sanctions were directly related to Aguilar's abuse, *TransAmerican's* first prong—a direct correlation between the offensive conduct and the sanction—is satisfied. *See TransAmerican,* 811 S.W.2d at 917.

*TransAmerican's* second prong requires this court to determine whether the sanctions were excessive. *See id.* Put differently, "[t]he punishment should fit the crime." *Id.; accord Prize Energy Res., L.P. v. Cliff Hoskins, Inc.,* 345 S.W.3d 537, 575 (Tex.App.–San Antonio 2011, no pet.). Here, the amount awarded was supported by an attorney's testimony, affidavit, and detailed billing invoices. The evidence

substantiates the sanction amount Aguilar's actions caused Morales to incur. *Cf. Darya, Inc. v. Christian,* 251 S.W.3d 227, 232 (Tex.App.–Dallas 2008, no pet.) (striking sanctions award because there was no evidence attorney's fees were reasonably incurred). Accordingly, the monetary sanction imposed by the Bexar County Probate Court was not excessive or punitive. *See TransAmerican,* 811 S.W.2d at 917.

Based on a review of the entire record, we cannot say that the probate court abused its discretion in awarding Morales attorney's fees of $34,005.91. *See id.; Darya,* 251 S.W.3d at 232. The requisite nexus between the conduct and the attorney's award was present and the punishment was not excessive. *See TransAmerican,* 811 S.W.2d at 917. We, therefore, affirm the Bexar County Probate Court's sanctions awarding Morales attorney's fees of $34,005.91.

### ADMISSIBILITY OF EVIDENCE

█ Finally, Aguilar argues the Bexar County Probate Court improperly admitted evidence of Morales's attorney's fees. "To obtain reversal for any error arising from erroneous admission of evidence, [Aguilar] must show that the error probably resulted in an improper judgment ... [and] that the 'judgment turns on the particular evidence admitted.' " *Good v. Baker,* 339 S.W.3d 260, 273 (Tex.App.–Texarkana 2011, pet. denied) (quoting *Nissan Motor Co. Ltd. v. Armstrong,* 145 S.W.3d 131, 144 (Tex.2004)).

At the sanctions hearing, Morales offered an affidavit as evidence of the amount of attorney's fees she incurred defending against Aguilar's pleadings. Aguilar objected to the admissibility of the affidavit for three reasons: (1) Morales failed to respond to Aguilar's discovery requests on the issue of attorney's fees, (2)

Aguilar was not given reasonable time to review or examine the document, and (3) the affidavit contained inaccuracies.

### A. Response to Discovery Requests

#### 1. Texas Civil Procedure Rule 194: Requests for Disclosures

During the sanctions hearing, Aguilar objected to Morales presenting any evidence on the issue of attorney's fees based on Morales's failure to respond to his Rule 194 Requests for Disclosure filed in the El Paso District Court. *See* TEX. R. CIV. P. 194. Morales counters that because the El Paso District Court matter was transferred and dismissed with prejudice by the Bexar County Probate Court, and affirmed by this court, any pending discovery was also dismissed.

The Bexar County Probate Court's January 11, 2013 order contained monetary sanctions, a finding that Aguilar's original petition filed in the El Paso District Court had no basis in law or fact, and an order dismissing the original petition with prejudice. In our previous opinion, based on the lack of evidentiary support regarding Aguilar's intent, we "reverse[d] and remand[ed] the probate court's January 11, 2013 sanctions order for further proceedings consistent with this court's opinion." *In re Estate of Aguilar,* 2014 WL 667516, at *9. We, therefore, disagree with Morales's contention that the Bexar County Probate Court's order of dismissal of the El Paso case was affirmed by this court.

#### 2. Admissibility of the Attorney's Fees Affidavit

Aguilar further contends the attorney's fees affidavit's admission is barred by Rule 193.6(a). *See* TEX. R. CIV. P. 193.6(a); *Fort Brown Villas III Condo. Ass'n v. Gillenwater,* 285 S.W.3d 879, 881 (Tex.2009) (per curiam). When a party makes a request for discovery and the responding party

fails to "make, amend, or supplement a discovery response in a timely manner," the trial court is barred from admitting any "material or information that was not timely disclosed." TEX. R. CIV. P. 193.6(a); *Fort Brown Villas*, 285 S.W.3d at 881. Even assuming that Morales failed to respond to Aguilar's requests for discovery, the affidavit was not precluded by Rule 193.6(a). TEX. R. CIV. P. 193.6(a); *Fort Brown Villas*, 285 S.W.3d at 881. The same evidence is not excluded, however, if the requesting party will not be unfairly surprised or prejudiced by admission of the evidence. *See* TEX. R. CIV. P. 193.6(a); *Fort Brown Villas*, 285 S.W.3d at 881.

In the January 11, 2013 sanctions order, the Bexar County Probate Court imposed sanctions in the amount of $16,059.63, the amount of attorney's fees incurred by Morales up to that point. The sole purpose of the December 11, 2014 hearing was to determine Aguilar's intent in filing his pleadings in El Paso and the amount of sanctions to be imposed. When Aguilar objected based on surprise, the probate court questioned him regarding his failure to anticipate the discussion of Morales's attorney's fees. Moreover, the record further substantiates that the probate court's admission of the affidavit was "subject to [Aguilar] being able to question [Morales's attorney] about [the affidavit]." We, therefore, conclude Aguilar failed to prove he was prejudiced by the admission of the affidavit in question. *See* TEX. R. CIV. P. 193.6(a); *Fort Brown Villas*, 285 S.W.3d at 881. Accordingly, we cannot say the probate court erred in determining that Aguilar was not unfairly surprised or prejudiced by the evidence's admission. *See* TEX. R. CIV. P. 193.6(a); *Fort Brown Villas*, 285 S.W.3d at 881.

### B. Reasonable Opportunity to Review

Aguilar next argues he was not given an opportunity to review the affida-

vit prior to the sanctions hearing and, therefore, the attorney's affidavit violated Rule 1006 of the Texas Rules of Evidence. *See* TEX. R. EVID. 1006. Rule 1006 pertains to the use of summaries to prove voluminous content and requires the offering party to provide the other party with reasonable time for review. *See id.* Here, the exhibit in question was comprised of thirteen pages of itemized invoices for attorney's fees and a two-page affidavit attesting that the fees were reasonable and necessary. *See Good*, 339 S.W.3d at 271 ("Affidavit testimony is sufficient to serve as proof that attorney's fees are reasonable and necessary if submitted in correct form.").

Aguilar contends the affidavit was a summary in violation of Rule 1006. Yet, the record supports that the affidavit simply certified that the records were made at the time the services were rendered and that the fees were reasonable and necessary. There was no evidence the affidavit was a summary of voluminous records as set forth in Rule 1006. *See* TEX. R. EVID. 1006. We, therefore, cannot conclude the probate court abused its discretion in overruling Aguilar's objection.

### C. Inaccuracies in the Affidavit

Aguilar also asserts that the affidavit was inadmissible because of an inaccuracy and harm therefrom. Specifically, the affidavit averred Morales incurred $2,038.00 more than she actually incurred. The $2,038.00 about which Aguilar complains in the January 11, 2013 sanctions order; it was a sanctions award of attorney's fees and reversed by our previous opinion. *See In re Estate of Aguilar*, 2014 WL 667516, at *8.

On remand, Aguilar questioned Morales's attorney. The attorney acknowledged the mistake, explained the inclusion

of the $2,038.00 was an oversight on his part, and requested the Bexar County Probate Court reduce the attorney's fees by the same amount. The $34,005.91 sanctions award did not include the $2,038.00 about which Aguilar complains. Absent any controverting evidence to show that the reduced amount is inaccurate, we cannot conclude the affidavit or accompanying invoices were inadmissible based on inaccuracy. *See Bullet Concrete Materials, Inc. v. Texoga Techs. Corp.*, No. 09–11–00162–CV, 2012 WL 586676, at *3 (Tex. App.–Beaumont, Feb. 23, 2012, no pet.) (quoting *Cochran v. Wool Growers Cent. Storage Co.*, 140 Tex. 184, 166 S.W.2d 904, 908 (1942) (" '[T]estimony of an interested witness . . . [that] is clear, direct, and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, . . . is taken as true, as a matter of law.' ")); *see also Daniel*, 981 S.W.3d at 232 (holding trial court free to evaluate credibility of witnesses).

As to harm, Aguilar reviewed the affidavit and the attached invoices and was provided an opportunity to cross-examine Morales's attorney on the contents therein. Morales's attorney testified to each of the items contained within the affidavit. Thus, the affidavit was cumulative of Morales's attorney's testimony, and Aguilar failed to show that he suffered harm. *See Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex.2008) (explaining improper admission of evidence is likely harmless if evidence is cumulative of other evidence); *see also Good*, 339 S.W.3d at 273.

Based on a review of the entire record, we cannot conclude the Bexar County Probate Court committed reversible error by admitting the affidavit into evidence.

### CONCLUSION

Having overruled each of Aguilar's issues on appeal, we affirm the Bexar County Probate Court's December 12, 2014 sanctions order.