

# Fourth Court of Appeals
## San Antonio, Texas

January 22, 2018

No. 04-16-00813-CV

**IN THE ESTATE OF RAMIRO AGUILAR, JR.,** Deceased,

From the Probate Court No 2, Bexar County, Texas
Trial Court No. 2012-PC-2800
Honorable Tom Rickhoff, Judge Presiding

# O R D E R

This appeal arises from two orders – an order granting summary judgment in favor of appellee, Rene Pena, and an order imposing sanctions against appellants, Anthony C. Aguilar and Michael A. Aguilar – rendered by Bexar County Probate Court No. 2 on November 18, 2016. On appeal, appellants raise fifteen separate issues, which we have restated as follows: (1) whether Bexar County Probate Court No. 2 had jurisdiction to render such orders; (2) assuming jurisdiction, whether Bexar County Probate Court No. 2 erred in granting summary judgment in favor of Pena with respect to all of the Aguilars' causes of action because such claims were not asserted in Pena's motion for summary judgment and fact issues exists as to each of the claims; and (3) whether Bexar County Probate Court No. 2 abused its discretion in rendering the sanctions order.

A review of the record reflects this matter has come before our court multiple times,[1] and because the factual and procedural background of this case is important to the resolution of this appeal, we have included a rendition of the necessary facts in this order for context. This dispute stems from a probate matter between siblings – appellants and their sister, Margaret Morales. Their father, Ramiro Aguilar Jr., died in the summer of 2012, and an application to probate Ramiro's will was filed in Bexar County Probate Court No. 2. Morales was ultimately appointed

---

[1] *See Estate of Aguilar*, No. 04-16-00381-CV, 2017 WL 4158092 (Tex. App.—San Antonio Sept. 20, 2017, pet. denied) (mem. op.); *Estate of Aguilar*, No. 04-16-00249-CV, 2016 WL 3796953 (Tex. App.—San Antonio July 13, 2016, no pet.) (mem. op.) (per curiam); *Estate of Aguilar*, No. 04–16–00655–CV, 2017 WL 603632 (Tex. App.—San Antonio Feb. 15, 2017, no pet.) (mem. op.) (per curiam); *Estate of Aguilar*, 492 S.W.3d 807 (Tex. App.—San Antonio 2016, pet. denied); *In re Aguilar*, No. 04–16–00027–CV, 2016 WL 402292 (Tex. App.—San Antonio Feb. 3, 2016, orig. proceeding) (per curiam); *In re Estate of Aguilar*, 435 S.W.3d 831 (Tex. App.—San Antonio 2014, orig. proceeding); *In re Estate of Aguilar*, No. 04–13–00367–CV, 2014 WL 2443865 (Tex. App.—San Antonio May 28, 2014, orig. proceeding) (mem. op.); *In re Estate of Aguilar*, No. 04–13–00038–CV, 2014 WL 667516 (Tex. App.—San Antonio Feb. 19, 2014, orig. proceeding) (mem. op.); *In re Aguilar*, No. 04–13–00589–CV, 2013 WL 5297243 (Tex. App.—San Antonio Sept. 18, 2013, orig. proceeding) (per curiam); *In re Aguilar*, No. 04–13–00425–CV, 2013 WL 4501435 (Tex. App.—San Antonio Aug. 21, 2013, orig. proceeding) (mem. op.).

independent executrix of the estate on September 17, 2012. Thereafter, Pena was hired by Morales to prepare tax returns for the estate for the fiscal years of 2013, 2014, and 2015. On March 5, 2016, the Aguilars filed litigation in the 384th District Court of El Paso County, naming Morales, Pena, Lillian Eller, and Morales's attorneys – William Leighner and Arther Bayern – as defendants. In their petition, the Aguilars alleged causes of action of fraud and breach of fiduciary duty.

Subsequently, Leighner and Bayern filed a joint motion to dismiss the Aguilars' claims against them as baseless pursuant to Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. PRO. 91a. The matter was ultimately transferred to Bexar County Probate Court No. 2 on June 7, 2016 for further proceedings, and thereafter, the probate court granted Leighner and Bayern's joint motion, dismissing the Aguilars' claims against them with prejudice. The Aguilars attempted to appeal the probate court's order granting Leighner and Bayern's joint motion to dismiss, and we ultimately dismissed the appeal for lack of jurisdiction. *See Estate of Aguilar*, No. 04-16-00381-CV, 2017 WL 4158092, at *6 (Tex. App.—San Antonio Sept. 20, 2017, pet. denied) (mem. op.). In our opinion, we held the probate court's order was not final as it only disposed of the Aguilars' claims against Leighner and Bayern. *Id.* Based on the record before us at that time, the Aguilars' claims against Morales, Pena and Eller had not been dismissed, nor had the claims been severed from the claims against Leighner and Bayern. *Id.*

At this time, it has come to our attention that Morales also filed a motion to dismiss the Aguilars' claims against her as baseless – again, pursuant to Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. PRO. 91a. On July 7, 2016, the probate court granted Morales's motion, dismissing all of the Aguilars' claims against her with prejudice. [2] Additionally, the record in this case reflects that on October 6, 2016, Pena filed a motion for summary judgment, arguing he owed no duty to the Aguilars. Pena also moved for sanctions against the Aguilars pursuant to section 10.001(2) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §10.001(2) (West 2017). After a hearing at which the Aguilars failed to appear, the probate court rendered summary judgment in favor of Pena on all claims and causes of action asserted against him. The court also rendered an order imposing sanctions against the Aguilars. However, neither of the orders dispose of the Aguilars' claims against Eller. Nor does the record contain an order indicating the claims asserted against Pena have been severed from the claims asserted against Eller.

As we stated in our prior opinion regarding this matter, generally, an appeal may be taken only from a final judgment. *See Estate of Aguilar*, 2017 WL 4158092, at *4 (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). However, "[p]robate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Id.* (quoting *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)). To determine whether a probate court order is final for purposes of appeal, we first give controlling effect to an express statute. *Id.* In the absence of an express statute, we then determine a probate court order to be final and appealable only if it "dispose[s] of all parties or issues in a particular phase of the proceedings." *Id.* (quoting *De Ayala*, 193 S.W.3d at 579). If the order does not end a phase of the proceedings, but instead sets the stage for the resolution of the proceedings, then the order is interlocutory. *Id.*

Here, we are again presented with a situation in which the Aguilars are attempting to appeal orders that are part of a larger proceeding as the orders being appealed do not dispose of

---

[2] A review of the record in Cause No. 04-16-00503-CV, *In the Estate of Ramiro Aguilar, Jr., Deceased,* which was submitted on briefs on September 6, 2017, contains a copy of the motion to dismiss filed by Morales and respective order dismissing the Aguilars' claims against Morales with prejudice.

all of the parties, specifically Eller. Accordingly, because the orders in this record do not appear to be final and appealable, but rather appear to set the stage for resolution of a larger proceeding, we **ORDER** appellants to file a written response in this court on or before **February 21, 2018**, showing cause why this appeal should not be dismissed for want of jurisdiction.

If appellants fail to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellants must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made.

We **order** the clerk of this court to serve a copy of this order on the trial court, appellant, appellee, the district clerk, and the court reporter.

Entered on this 22nd day of January, 2018.

**PER CURIAM**

ATTESTED TO:_____
KEITH E. HOTTLE,
Clerk of Court