

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00626-CV

**IN THE INTEREST OF E.V.** and E.V., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-03912
Honorable Antonia Arteaga, Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  March 21, 2018

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

The trial court dismissed the underlying cause and ordered Richard Matthew Villarreal to pay $1,000.00 in sanctions to Rebecca Sweat pursuant to Rule 13 of the Texas Rules of Civil Procedure. On appeal, Villarreal challenges only the portion of the order assessing sanctions against him. We reverse the portion of the order granting $1,000.00 as the amount of the sanctions, and we affirm the remainder of the trial court's order.

### BACKGROUND

The underlying cause was dismissed after this court's opinion issued in *Villarreal v. Villarreal*, No. 04-15-00551-CV, 2016 WL 4124067 (Tex. App.—San Antonio Aug. 3, 2016, no pet.) (mem. op.). Some of the background facts are drawn from our prior opinion.

On October 31, 2013, Rebecca L. Villarreal, now Rebecca Sweat, filed an original petition for divorce in Bexar County which was assigned cause number 2013-CI-18202. The petition stated the parties would try to reach an agreement regarding custody, visitation, and support of the parties' four children. On December 4, 2013, an order was entered requiring Sweat to pay certain costs within twenty days. The order stated that failure to pay the costs within the time allowed would result in a dismissal of the cause; however, no subsequent order dismissing the cause was ever entered.

On April 30, 2014, Sweat filed a petition for divorce in the San Carlos Apache Tribal Court. On May 15, 2014, the tribal court signed a final divorce decree, granting a default divorce and awarding Sweat "full and physical" custody of the children.

On May 4, 2015, Villarreal filed an original answer and counter-claim for divorce in the Bexar County divorce proceeding. On May 15, 2015, Villarreal filed an amended answer and counter-claim requesting a temporary restraining order directing Sweat to turn over custody of the children to him. On May 15, 2015, the trial court signed a temporary restraining order requiring Sweat to turn over custody of the children.[1] The temporary restraining order was subsequently extended, and a hearing was set for June 12, 2015. At the June 12, 2015 hearing, the trial court concluded it did not have jurisdiction based on the decree entered by the tribal court, and the trial court subsequently signed an order dismissing the cause. Villarreal appealed the dismissal order in appeal number 04-15-00551-CV.

After discovering Sweat and the children were living in Alaska, Villarreal filed a child custody proceeding in Alaska. Sometime in July 2015, a hearing was held by the court in Alaska, and the judge instructed the parties to resolve the matter amicably. The parties agree Sweat then

---

[1] It does not appear Villarreal obtained possession of the children after the order.

allowed the two younger children, E.V. and E.V., to visit Villarreal in Texas; however, they disagree about the length of the visit agreed upon. Sweat contends she agreed to allow E.V. and E.V. to visit for the summer, and Villarreal refused to return the children at the end of the summer. Villarreal contends Sweat agreed to allow E.V. and E.V. to visit for six months or a year. Villarreal concedes Sweat contacted him about returning the children at the end of the summer.

On September 11, 2015, Villarreal filed a motion for emergency relief in appeal number 04-15-00551-CV, asking this court to prevent Sweat from removing E.V. and E.V. from Bexar County during the pendency of the appeal. This court denied the motion.

On March 3, 2016, Sweat attempted to retrieve E.V. and E.V. from the home of Villarreal's mother.[2] According to Villarreal's attorney, the police refused to require Villarreal to "turn over the children, because the police considered that [Sweat] abandoned the children in Texas."

On March 4, 2016, while the appeal of the dismissal order in cause number 2013-CI-18202 was still pending, Villarreal filed the underlying cause, seeking to modify the tribal court's decree and to be appointed the conservator with the right to designate the primary residence of E.V. and E.V. Villarreal relied on section 152.204 of the Texas Family Code to invoke temporary emergency jurisdiction in Texas. Under section 152.204, a Texas court has temporary emergency jurisdiction "if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse." TEX. FAM. CODE ANN. § 152.204(a) (West 2014).

The trial court issued an *ex parte* temporary restraining order on March 4, 2016, which prevented Sweat from removing E.V. and E.V. from San Antonio and from withdrawing them

---

[2] Sweat testified at a subsequent hearing that she had been trying to locate the children and have them returned to her since the end of the summer in 2015.

from their school/daycare. The trial court signed orders on March 11, 2016, and March 23, 2016, extending the temporary restraining order. On April 4, 2016, Sweat filed a special appearance and a plea to the jurisdiction requesting that the trial court decline to exercise jurisdiction.

On April 7, 2016, the parties appeared before the trial court for a hearing on the jurisdictional issue and temporary orders.[3] At the conclusion of the testimony, the trial court excused the court reporter, so the reporter's record of that hearing does not contain the trial court's ruling. The clerk's record, however, contains judge's notes documenting the trial court's conclusion that the court did not have emergency jurisdiction under section 152.204. The judge's notes state the children would be returned to Sweat's possession on April 8, 2016, but denied Sweat's request for attorney's fees as sanctions. At the hearing, Sweat's attorney requested sanctions against Villarreal for bringing a frivolous lawsuit. No order was ever signed memorializing the trial court's rulings.

On August 3, 2016, this court issued its opinion in the prior appeal. *See Villarreal*, 2016 WL 4124067. This court held the tribal court did not have jurisdiction to render the divorce decree; therefore, that decree did not divest the Bexar County district court of jurisdiction in cause number 2013-CI-18202. *Id*. at *3. This court remanded the cause for further proceedings. *Id*. at *4.

On August 16, 2016, Sweat filed a motion to dismiss the underlying proceeding, noting this court's opinion meant two child custody matters were simultaneously pending in Bexar County. In her motion, Sweat sought sanctions under Rule 13 based on the *ex parte* temporary restraining order and extensions Villarreal sought and because he filed the underlying cause while appealing the dismissal of cause number 2013-CI-18202, which involved the same issues and parties. On August 24, 2016, Villarreal also filed a motion to dismiss and a request for sanctions.

---

[3] The Honorable Solomon Casseb III presided over the hearing.

On September 28, 2016, the trial court signed an order dismissing the cause and ordering Villarreal to pay Sweat $1,000.00 in sanctions under Rule 13. In its order, the trial court found the cause was groundless and Villarreal filed it in bad faith. In support of its sanctions order, the trial court further found:

a) that this case involves the same issues and the same parties that are already before the Court under Cause No. 2013-CI-18202;

b) further, that Petitioner was in the process of appealing a *Plea to the Jurisdiction* in the Fourth Court of Appeals at the time he filed the instant case;

c) further, that Petitioner sought the same relief from the Fourth Court of Appeals through a *Motion for Emergency Relief* and was denied by Order dated October 1, 2015;

d) further, that Petitioner approached the Court and obtained *ex parte* extraordinary relief on two occasions in the instant case without attempting to contact counsel for Respondent in violation of Rule 5(6)(C) of the Bexar County Local Rules, which requires that, "the attorney . . . making the request shall state in writing that: (1) to the best of his knowledge the respondent is not represented by counsel, (2) he has tried and has been unable to contact opposing counsel about the application, (3) opposing counsel has been notified of the application and does not wish to be heard, or (4) notifying the respondent and his counsel would cause irreparable harm to the movant."

As previously noted, Villarreal appeals the portion of the order assessing sanctions against him.

## STANDARD OF REVIEW

An order imposing sanctions is reviewed under an abuse of discretion standard. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). "A sanctions award will not withstand appellate scrutiny if the trial court acted without reference to guiding rules and principles to such an extent that its ruling was arbitrary or unreasonable." *Id*. A court does not abuse its discretion in imposing sanctions if some evidence supports its decision. *Id*.

## RULE 13

The trial court imposed sanctions under Rule 13 because it found the underlying cause was groundless and filed in bad faith. Specifically, the trial court found Villarreal: (1) filed the underlying cause while appealing the dismissal of cause number 2013-CI-18202, which involved

the same issues and same parties, and after Villarreal sought the same relief in an emergency motion filed in the pending appeal; and (2) violated Local Rule 5(6)(C) in seeking *ex parte* extraordinary relief in the underlying cause.

Texas Rule of Civil Procedure 13 allows a court to impose sanctions on a party for pleadings or other papers signed and filed that are groundless and brought in bad faith or for the purpose of harassment. TEX. R. CIV. P. 13. Rule 13 defines "groundless" as having "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* "Generally, courts presume pleadings and other papers are filed in good faith." *Nath*, 446 S.W.3d at 361. "The party seeking sanctions bears the burden of overcoming this presumption of good faith." *Id.*

To determine if a pleading is groundless, the trial court must objectively ask whether the party and counsel made a reasonable inquiry into the legal and factual basis of the claim. *WWW.URBAN.INC. v. Drummond*, 508 S.W.3d 657, 676 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 348 (Tex. App.—San Antonio 2006, pet. denied). The court will look to the facts available to the litigant and the circumstances at the time the suit was filed. *WWW.URBAN.INC.*, 508 S.W.3d at 676. To establish a pleading was groundless, the movant must produce "competent evidence that a reasonable inquiry made at that time would have revealed the groundless nature of the challenged matter." *Mann v. Kendall Home Builders Constr. Partners I, Ltd.*, 464 S.W.3d 84, 92 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

In deciding whether a pleading was filed in bad faith, the trial court must consider the acts or omissions of the represented party or counsel, not merely the legal merit of a pleading or motion. *WWW.URBAN.INC.*, 508 S.W.3d at 676; *Mann*, 464 S.W.3d at 92. Bad faith does not exist when a party merely exercises bad judgment or is negligent; rather, bad faith "'is the conscious doing of

a wrong for dishonest, discriminatory, or malicious purposes.'" *In re Estate of Aguilar*, 492 S.W.3d 807, 814 (Tex. App.—San Antonio 2016, pet. denied) (quoting *Parker v. Walton*, 233 S.W.3d 535, 540 (Tex. App.—Houston [14th Dist.] 2007, no pet.)).

## A. Filing the Underlying Cause

One of the grounds the trial court found to support sanctions was Villarreal's filing of the underlying cause while appealing the dismissal of cause number 2013-CI-18202, which involved the same issues and same parties, and after Villarreal sought the same relief in an emergency motion filed in the pending appeal. In determining whether the filing of the underlying cause was groundless, we must examine the circumstances that existed at the time the petition was filed. *See WWW.URBAN.INC.*, 508 S.W.3d at 676.

When Villarreal filed his petition in the underlying cause, he was seeking to obtain a court order on an emergency basis that would have prevented Sweat from removing E.V. and E.V. from San Antonio. At the time, cause number 2013-CI-18202 had been dismissed by the trial court. Although an appeal of the dismissal was pending in this court, Villarreal could not file a pleading seeking immediate relief in a cause that had been dismissed. Similarly, although Villarreal sought relief in the pending appeal, this court could not have exercised temporary emergency jurisdiction under section 152.204 of the Texas Family Code.[4] Section 152.204 did, however, provide a basis upon which Villarreal could have sought to invoke the jurisdiction of the trial court in the underlying cause. Although the trial court ultimately determined Villarreal did not satisfy the prerequisites for invoking jurisdiction under section 152.204, section 152.204 provided a basis in law for Villarreal to file the underlying cause. Because Villarreal had a basis in law for filing the underlying cause, the trial court abused its discretion in sanctioning him on this ground.

---

[4] Villarreal also asserts he could not have established abandonment as a prerequisite for invoking jurisdiction under section 152.204 on the date he filed the motion in this court on September 11, 2015.

**B. Applications for *Ex Parte* Extraordinary Relief**

Villarreal argues his failure to comply with a local rule cannot support sanctions under Rule 13. We agree. Rule 13 provides, "If a pleading, motion or other paper is signed ***in violation of this rule***, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both." TEX. R. CIV. P. 13 (emphasis added). Rule 13 authorizes a trial court to impose sanctions when an attorney or party files a signed pleading, motion, or other document in violation of Rule 13, not necessarily for violating other rules. *See id.*[5]

The trial court's imposition of sanctions would have been proper only if Villarreal's failure to comply with a local rule also violated Rule 13. The trial court found Villarreal violated Bexar County Local Rule 5(6)(C) because he failed to contact Sweat's counsel before approaching the court and obtaining *ex parte* extraordinary relief. However, the record does not demonstrate Villarreal or his attorney filed a signed application for temporary restraining order or application to extend the restraining order. In response to this court's order to supplement the clerk's record, the trial court clerk determined that there was no application for temporary restraining order or application to extend the restraining order on file. Furthermore, the temporary restraining order and orders extending the restraining order recite that the applications were "presented" to the trial court. Consequently, even if Villarreal and his attorney violated Bexar County Local Rule 5(6)(C), the record shows Villarreal and his attorney did not file a signed pleading, motion, or other document in violation Rule 13. *See id.* Thus, the trial court abused its discretion in sanctioning Villarreal on this ground.

---

[5] Violations of other rules may be sanctioned according to the terms of those other rules or under the trial court's inherent power. *See, e.g.*, *In re Killian*, 04-01-00598-CV, 2002 WL 873256, at *4-5 (Tex. App.—San Antonio May 8, 2002, no pet.) (mem. op.).

**CONCLUSION**

The trial court abused its discretion by imposing sanctions under Texas Rule of Civil Procedure 13. We reverse the award of $1,000 in sanctions and render an order denying Sweat's motion for sanctions. The remainder of the trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice