

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-20-00236-CV

Lesley **WENGER**, City of Castle Hills Alderman Place 4 and Sylvia Gonzalez, City of Castle
Hills Alderman Place 3,
Appellants—Cross-Appellees

v.

Mike **FLINN**, Bonnie Hopke, Vince Martinez, Scott Gray, Ginger Magers and Robbie Casey,
Appellees —Cross-Appellants

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-15722
Honorable Larry Noll, Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: September 29, 2021

AFFIRMED

Lesley Wenger and Sylvia Gonzalez appeal the trial court's judgment that dismissed the

action seeking to remove them from public office but failed to award them sanctions and damages.

We affirm the judgment.

## BACKGROUND

Relators Mike Flinn, Bonnie Hopke, Vince Martinez, Scott Gray, Ginger Magers, and

Robbie Casey ("Relators")—six citizens of the City of Castle Hills in Bexar County—sought

judicial removal of Wenger and Gonzalez ("Appellants") from their elected positions as city

aldermen in August 2019 by filing a sworn petition pursuant to subchapter B of Chapter 21 of the Texas Local Government Code.[1] *See* TEX. LOCAL GOV'T CODE § 21.021, *et seq*. Upon Relators' application, the trial court ordered citation issued and set a $500 bond, which relators posted in cash. *See id.* §§ 21.027, 21.028.

After being served, Appellants filed an answer, a plea to the jurisdiction, a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a, and a motion for sanctions. Relators responded to Appellants' motions, filed a counter-motion for sanctions, and served discovery requests on Appellants.[2] A few days later, the parties entered into a Rule 11 agreement, dropping the settings on the parties' various motions, and Appellants withdrew their motion for sanctions.

Although Chapter 21 authorizes municipal residents to file a removal action, the action is conducted in the name of the State of Texas, and the district attorney represents the state. TEX. LOCAL GOV'T CODE § 21.029(B), (d). However, the district attorney did not enter an appearance in the removal action until it filed a notice of nonsuit on January 8, 2020. Relators objected in writing to the notice of nonsuit. Appellants responded to the objections by requesting damages and sanctions against Relators. The trial court overruled Relators' objections and granted the district attorney's nonsuit, dismissing the removal action without prejudice. Thereafter, Appellants requested damages pursuant to Texas Local Government Code § 21.028, sanctions, and a motion for a new trial. The trial court held a hearing on the pending motions but did not rule on them before the trial court's plenary power expired, and the motions were denied by operation of law. TEX. R. CIV. P. 329b(c).

---

[1] We refer to appellees as "Relators" because Texas Local Government Code section 21.029 identifies the parties who file the removal petition as relators. TEX. LOCAL GOV'T CODE § 21.029(b).

[2] Relators copied the Bexar County Criminal District Attorney's Office on its service of its papers in opposition to Appellants' motions, its counter-motion, and the discovery requests it served on Appellants.

Appellants appealed, and Relators cross-appealed.

## DISCUSSION

### A. Motion for Sanctions

In their first point of error, Appellants argue the trial court erred by failing to grant their motion for sanctions against Relators, alleging Relators filed a meritless removal action, made material misrepresentations to the trial court about their authority to proceed on behalf of the State of Texas, failed to serve the Bexar County Criminal District Attorney, and served unlawful and harassing discovery requests.

### 1. Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Civil Practice & Remedies Code

Appellants sought sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure and Chapter 10 of the Texas Civil Practice & Remedies Code. We review the trial court's denial of sanctions for abuse of discretion.[3] *See Bennett v. Grant*, 525 S.W.3d 642, 654 (Tex. 2017); *Zeifman v. Michels*, No. 03-12-00114-CV, 2013 WL 4516082, at *6 (Tex. App.—Austin Aug. 22, 2013, no pet.) (mem. op.). A trial court abuses its discretion if it acts without reference to guiding rules and principles to such an extent that its ruling is arbitrary or unreasonable. *Nath*, 446 S.W.3d at 361. In deciding whether the denial of sanctions constitutes an abuse of discretion, we examine the entire record, reviewing the conflicting evidence in the light most favorable to the trial court's ruling and drawing all reasonable inferences in favor of the court's ruling. *Zeifman*, 2013 WL 4516082, at *6.

---

[3] Appellants briefly mention the trial court's inherent power to impose sanctions as well as sanctions under Chapter 9 of the Civil Practice and Remedies Code. However, Appellants do not argue why the trial court erred by failing to sanction Relators pursuant to its inherent powers, and Chapter 9 sanctions only apply in circumstances where neither Rule 13 nor Chapter 10 apply and have "largely been subsumed by subsequent revision to the code." *See Nath v. Texas Children's Hosp.*, 446 S.W.3d 355, 362 n.6 (Tex. 2014) (citation and internal quotation marks omitted) (providing "it would be difficult to conceive of a scenario in which Chapter 9 would be applicable"); *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

Chapter 10 provides that signing a pleading or motion certifies to the signatory's knowledge formed after reasonable inquiry that:

> (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

TEX. CIV. PRAC. & REM. CODE § 10.001. Chapter 10 therefore requires a pleading or motion signatory know after they have made a reasonable inquiry that they are not presenting a pleading or motion for an improper purpose, each claim or argument is warranted by existing law or a nonfrivolous extension thereof, and each allegation is supported by evidence or likely supported by evidence through discovery. "Reasonable inquiry" means an inquiry reasonable under the circumstances of the case. *See Robson v. Gilbreath*, 267 S.W.3d 401, 406 (Tex. App.—Austin 2008, pet. denied). "Improper purpose" is the equivalent of "bad faith" which "'is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes.'" *Lodhi v. Haque*, No. 04-18-00917-CV, 2019 WL 5765787, at *9 (Tex. App.—San Antonio Nov. 6, 2019, pet. denied) (mem. op.) (quoting *Estate of Aguilar*, 492 S.W.3d 807, 814 (Tex. App.—San Antonio 2016, pet. denied)).

Rule 13 prohibits a person from signing any pleading or motion or other paper that is (1) groundless and (2) brought in bad faith or for the purpose of harassment. TEX. R. CIV. P. 13.

"Groundless" means no basis in law or fact. *Id.* A pleading or motion is not groundless merely because it is not a winner, lacks legal merit, or because we disagree with the factual and legal assertions. *See Zeifman*, 2013 WL 4516082, at *6, 8; *Mattox v. Grimes Cnty. Comm'rs Court*, 305 S.W.3d 375, 386 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *Lake Travis Indep't Sch. Dist. v. Lovelace*, 243 S.W.3d 244, 254 (Tex. App.—Austin 2007, no pet.). "The trial court must measure a litigant's conduct at the time the relevant pleading was signed." *In re M.A.G.*, No. 04-18-00833-CV, 2020 WL 7633920, at *12 (Tex. App.—San Antonio Dec. 23, 2020, pet. denied) (mem. op.) (quoting *Texas-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 139 (Tex. App.—Texarkana 2000, no pet.)); *see Lodhi*, 2019 WL 5765787, at *9.

The party moving for sanctions bears the burden of overcoming the presumption pleadings and motions are filed in good faith. *Nath*, 446 S.W.3d at 361. Demonstrating a party filed a motion or pleading in bad faith is a heavy burden. *Mann v. Kendall Home Builders Constr. Partners I, Ltd.*, 464 S.W.3d 84, 92 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The movant must show more than mere negligence or bad judgment; the movant must prove the non-movant consciously elected to commit "a wrong for dishonest, discriminatory, or malicious purposes." *Id.* (internal quotation marks omitted); *see Zeifman*, 2013 WL 4516082, at *6.

### 2. The Removal Action Against Appellants

Appellants generally assert the trial court erred by failing to grant their motion for sanctions because the removal petition was groundless and unwarranted by existing law, brought in bad faith, and brought for an improper purpose. Appellants do not challenge the factual basis of the allegations in the removal petition as a basis for sanctions. Instead, they contend the removal action violated Chapter 10 and Rule 13 because it was without any legal basis in the Local Government Code.

### a. Law on Judicial Removal of a Municipal Official

Under section 21.025 of the Texas Local Government Code, an officer of a municipality's governing body may be removed from office for (1) incompetence; (2) official misconduct; or (3) alcoholic "intoxication on or off duty." TEX. LOCAL GOV'T CODE §§ 21.022, 21.025. Incompetence is (a) "gross ignorance of official duties"; (b) discharging duties with gross carelessness; or (c) "inability or unfitness to promptly and properly discharge official duties because of a serious mental or physical defect" acquired after the election. *Id.* § 21.022(2). "Official misconduct" is "intentional unlawful behavior relating to official duties by an officer entrusted with the administration of justice or the execution of the law. The term includes an intentional or corrupt failure, refusal, or neglect of an officer to perform a duty imposed on the officer by law." *Id.* § 21.022(4). An officer convicted of any felony or misdemeanor involving official misconduct "operates as an immediate removal from office." *Id.* § 21.031(a).

A relator[4] commences a removal proceeding by filing a petition in the county where the officer resides and must specify the grounds alleged for removal and cite the time and place of the occurrence of each act alleged as a ground for removal with as much certainty as the case permits. *Id.* § 21.026. After filing the petition, the relator must apply to the district judge for an order requiring a citation and a copy of the petition be served. *Id.* § 21.027(a). If the judge grants the application, the citation must order the officer to appear and answer the petition on a specified date. *Id.* § 21.027(d). Removal proceedings are conducted in the name of the State of Texas and the district attorney must represent the state. *Id.* § 21.029(b), (d).

---

[4] Section 21.026(b) provides the relator may be any resident of the municipality, not currently under indictment in that county, who has lived in the municipality for at least six months.

**b. Appellants Failed to Show the Removal Action was Groundless**

Relators—Castle Hills residents—filed their sworn removal petition in Bexar County in the name of the State of Texas, seeking Appellants' judicial removal from office. *Id.* §§ 21.022, 21.025, 21.026. Relators alleged incompetence and misconduct as grounds to remove them. *Id.* §§ 21.022, 21.025. Relators alleged the Castle Hills Police Department arrested Appellants on July 28, 2019, on criminal charges related to their efforts to fire and replace the current city manager. These allegations in the pleading were supported with evidence, including the arrest warrants and supporting affidavits. Wenger was facing felony charges of tampering with evidence and fraudulent use or possession of identifying information. Wenger allegedly admitted she took notes regarding personal confidential information contained in the city manager's personnel file, and then tore up those notes. Gonzalez allegedly aided in the effort, attempting to distract the city manager from seeing Wenger take the notes in question. Gonzalez was arrested in connection with her alleged effort to circulate a petition that called for the removal of the city manager, while misrepresenting the petition was to fix city streets. Gonzalez was also allegedly caught on surveillance video attempting to take the petitions—which by then were city government property—in order to allegedly get rid of them.[5] She was charged with tampering with a government record.

Relators additionally accused Wenger of failing to complete legally required Open Meetings Act and Public Information Act trainings after being elected and failing to comply with public information requests for names and email addresses on her mailing list in August and September 2018. Relators separately accused Gonzalez of failing to comply with the Public

---

[5] The video is not in the clerk's record.

Information Act when she declined to produce notes passed between her and Wenger at a public meeting, stating she had thrown the notes away.

The petition also alleged Wenger failed to uphold her oath of office to propose ordinances and resolutions that did not contradict federal, state, or local laws. As an example, the petition alleged Wenger moved to remove the city manager for cause without properly noticing a public meeting. Along with a majority of city council, Wenger also voted twice in favor of an ordinance that would prohibit citizens from speaking on agenda items without a majority vote of city council despite being informed by the city attorney that the ordinance might not be enforceable due to changes in state law.

The petition further alleged Gonzalez was not officially sworn in within 30 days of her election—a requirement of her office—because she was sworn in by the Bexar County sheriff—a person the city maintained was not legally authorized to swear her into office pursuant to Texas Government Code § 602.002. Appellants, along with other city aldermen allegedly held a meeting—with a quorum present—where they determined they would sue the city to ensure Gonzalez was not removed from office, and as a result of failing to provide public notice of this meeting, they allegedly violated the Open Meetings Act. *Id.*

Relators' petition was filed in compliance with Chapter 21. The petition alleged grounds of incompetence and misconduct and alleged specific supporting facts as to each ground in compliance with section 21.026.[6] Relators suggest the removal action was groundless because it was based solely on arrest warrants and supporting affidavits Appellants believed lacked legal

---

[6] Appellants argue Relators did not provide them with fair notice in filing the removal petition. "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim," in order for the opposing party to prepare a defense. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000); *see* TEX. R. CIV. P. 45(b), 47(a). Relators' petition gave fair notice of the grounds for removal by alleging specific facts in support of those grounds. Nothing more is required under the rules.

merit. However, the warrants and affidavits clearly provided factual support for the allegations in the petition. A dispute about the facts and the District Attorney's ultimate decision not to pursue the charges does not mean the petition was groundless when it was filed.[7] *See Zeifman*, 2013 WL 4516082, at *6. Moreover, the petition asserted multiple grounds for removal in addition to those based on the arrest warrants. The trial court therefore did not abuse its discretion in denying the motion for sanctions that asserted the petition was groundless and not warranted by existing law.[8]

### 3. Other Asserted Grounds for Sanctions

Appellants further contend Relators should be sanctioned because they (1) falsely represented the State of Texas was a proper party to the removal action and brought the removal action on behalf of the state even though the state never consented to the removal action; (2) failed to serve the citation on the State of Texas; (3) argued in bad faith that the District Attorney was required to prosecute the action; and (4) sought to harass Appellants by serving discovery requests.

Appellants' first contention is without merit because the Local Government Code requires that proceedings in removal actions be conducted "in the name of the State of Texas, and on the relation of the party filing the petition" and the state is therefore a proper party—a fact Appellants concede. TEX. LOCAL GOV'T CODE § 21.029(b). Nothing in the Local Government Code requires Relators to secure the state's consent prior to filing a petition in a removal action.

---

[7] Appellants contend the Bexar County Criminal District Attorney's Office accused Relators of mismanaging the removal action beginning with the removal petition. Although the Bexar County Criminal District Attorney's Office criticized the Relators' "unwarranted and misplaced" accusations regarding the district attorney's alleged failure to investigate the allegations, the district attorney also stated Relators followed the law and "did do a lot of work to get this case started. They verified a petition, they came to court, they got an attorney, they got an order from the court that allowed them to serve."

[8] Appellants argue they were entitled to sanctions because Relators' removal petition "contributed to sky-rocketing legal fees and court costs," but they identify no legal authorities or record evidence supporting their contention, *see* TEX. R. APP. P. 38.1(i), and the district attorney nonsuited the removal action approximately five months after it was filed and before Appellants addressed Relators' discovery requests.

Relators followed the statutory procedure for obtaining an order for issuance and service of citation on Appellants. *See* TEX. LOCAL GOV'T CODE §§ 21.027(a), (d), 21.028. Chapter 21 does not require service of citation on the State of Texas. However, it does provide that the district attorney will represent the State in the proceeding, and the record shows Relators served a copy of the petition on the Bexar County Criminal District Attorney's Office the month after they filed suit. *Id.* § 21.029(d). On the same day, Relators also served their opposition to Appellants' motions, their counter-motion for sanctions, and their discovery requests on Appellants and on the Bexar County Criminal District Attorney's Office.[9]

Appellants next argue Relators objected to the nonsuit in bad faith by arguing the district attorney was required to continue the removal action and did not have authority to unilaterally nonsuit it. Relators reasoned that although the statute provides the district attorney represents the state, the statute does not expressly provide the district attorney has the unilateral right to nonsuit the case without the consent of the Relators. Although the court ultimately concluded the district attorney had the right to nonsuit, Chapter 21 does not directly address what role relators have in the proceeding after the petition is filed or whether their consent is required and there does not appear to be any authority directly addressing the question. *See* TEX. CIV. PRAC. & REM. CODE § 10.001(2); *Riddick v. Quail Harbor Condo. Ass'n, Inc.*, 7 S.W.3d 663, 678–79 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Finally, Appellants contend the trial court should have sanctioned Relators for seeking to harass them by issuing discovery requests and opposing their Rule 91a motion. In support of their contention, Appellants cite *In re Wolfe*, which involved the removal of *county* officers under

---

[9] The record also shows Appellants notified the Bexar County Criminal District Attorney's Office about the removal action a few weeks after Relators filed their removal petition, but before Appellants filed their answer.

Chapter 87 of the Local Government Code, not *municipal* officers under Subchapter B of Chapter 21. 341 S.W.3d 932, 933 (Tex. 2011) (per curiam). The issue in *Wolfe* was whether the Harris County Department of Education was using *pre-suit* discovery pursuant to Texas Rule of Civil Procedure 202 as an "end-run around" the county attorney's powers; the Supreme Court concluded it was and held that the county attorney controlled discovery in a county removal proceeding. *Id.* at 933. By contrast, Relators sought discovery within the removal action, there is no caselaw construing what authority, if any, relators in a Chapter 21 proceeding have to serve discovery requests, and the district attorney was served with the discovery requests when they were made and made no objection until filing its notice of nonsuit more than three months later. Moreover, Appellants did not respond to the discovery requests and Relators did not seek to compel responses. Under these circumstances the trial court did not abuse its discretion in concluding Appellants failed to show Relators should be sanctioned.

Appellants failed to overcome the presumption of good faith or carry their burden of showing how they were entitled to sanctions because of Relators' actions. Appellants do not demonstrate how the petition was legally groundless, filed for an improper purpose, filed in bad faith, or for purposes of harassment. As a result, we cannot conclude the trial court abused its discretion in denying Appellants' motion for sanctions. *See Zeifman*, 2013 WL 4516082, at *6.

**B. Damages under Texas Local Government Code § 21.028**

In their second point of error, Appellants contend they were entitled to damages pursuant to Texas Local Government Code § 21.028 because the district attorney found no merit in Relators' removal petition and nonsuited it. We disagree.

Whether the statute authorizes an award of damages is a question of law we review de novo. *See Borkert v. Tworek*, No. 04-16-00529-CV, 2018 WL 842981, at *10 (Tex. App.—San Antonio Feb. 14, 2018, no pet.) (mem. op.). In interpreting a statute, our objective is to determine

and give effect to the legislature's intent as expressed by the statute's language. *Segundo Navarro Drilling, Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, 612 S.W.3d 489, 492 (Tex. App.—San Antonio 2020, pet. denied). "When a statute does not define a key term, we give that term its 'common, ordinary meaning unless a contrary meaning is apparent from the statute's language.' To determine a word's common, ordinary meaning, we look first to its dictionary definitions." *Id.* (quoting *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 34 (Tex. 2017)). We also presume words omitted from the statute were purposefully omitted. *Discover Prop. & Cas. Ins. Co. v. Tate*, 298 S.W.3d 249, 254 (Tex. App.—San Antonio 2009, pet. denied).

Section 21.028 provides a relator must pay the officer subject to the removal action "an amount determined by the judge as appropriate to compensate the officer" for damages suffered as a result of the action "[i]f the final judgment *establishes* the officer's right to the office." TEX. LOCAL GOV'T CODE § 21.028(b) (emphasis added). "Establish" means "[t]o settle, make, or fix firmly; to enact permanently" or "[t]o prove." *Establish*, BLACK'S LAW DICTIONARY (11th ed. 2019) *available at* Westlaw. Thus, the officer is entitled to damages in an amount determined by the judge as appropriate to compensate the officer if the final judgment settles or proves the officer's right to office.

> The final judgment states, in pertinent part:
>
> It is therefore ORDERED, ADJUDGED, and DECREED that Relators' Objections and Motion for New Trial is hereby DENIED, the Bexar County Criminal District Attorney's Notice of Nonsuit is hereby GRANTED, and this case is DISMISSED in its entirety without prejudice. This Judgment disposes of all parties and all claims is final and appealable.

The trial court merely granted the district attorney's nonsuit and dismissed the removal action without prejudice. Because nothing in the court's order and judgment *settled* or *proved* Appellants' right to office—Appellants were not entitled to damages. TEX. LOCAL GOV'T CODE § 21.029.

### C. Relators' Motion to Strike the Statement of Facts in Appellants' Brief

Relators move to strike Appellants' statement of facts for "improperly injecting argument" into the section. Under Texas Rule of Appellate Procedure 38.1(g), a statement of facts must not contain argument. We construe briefing rules liberally and substantial compliance with the rules is sufficient if a brief does not flagrantly violate the rules. TEX. R. APP. P. 38.9. Having considered the brief and found it substantially compliant and not in flagrant violation of the rules, we deny the motion.[10]

### CONCLUSION

We affirm the trial court's judgment and dismiss the cross-appeal.

Luz Elena D. Chapa, Justice

---

[10] Relators' cross-appeal does not seek to alter the trial court's judgment or seek additional relief independent of what they seek in the appeal, and it is therefore dismissed. *See* TEX. R. APP. P. 25.1(c); *Grant v. Pivot Tech. Sols., Ltd.*, No. 03-17-00289-CV, 2017 WL 3475558, at *1 (Tex. App.—Austin Aug. 11, 2017, no pet.) (per curiam) (order) ("[A] notice of appeal is not necessary when a party merely seeks to raise additional arguments in support of an appealed judgment. . . . Although we understand why, out of an abundance of caution, a party may file a cross-appeal to ensure preservation of alternative grounds, the filing of a cross-appeal that does not seek to alter the trial court's judgment or seek additional relief not granted below is not only unnecessary, it is improper." (citation omitted)).